UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

# 04   1201 1

CARLOS A. AGUIAR,
    Plaintiff

V.

Civil Action

No. _____

LIMA & CURA FISHING
CORPORATION,
    Defendant

MAGISTRATE JUDGE \_\_\_\_\_

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED YES
LOCAL RULE 4.1 \_\_\_\_\_
WAIVER FORM \_\_\_\_\_
MCF ISSUED \_\_\_\_\_
BY DPTY. CLK. TDM
DATE 9/16/04

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.    The Plaintiff, CARLOS A. AGUIAR, is a resident of New Bedford, County of Bristol, Commonwealth of Massachusetts.

2.    The Defendant, LIMA & CURA FISHING CORPORATION , is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3.    On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION , was doing business within the Commonwealth of Massachusetts.

4.    On or about October 4, 2003, the Plaintiff, CARLOS A. AGUIAR, was employed by the Defendant, LIMA & CURA FISHING CORPORATION.

5.    On or about October 4, 2003, the Plaintiff, CARLOS A. AGUIAR, was employed by the Defendant, LIMA & CURA FISHING CORPORATION , as a seaman, and a member of the crew of the F/V MY WAY.

6.    On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION , owned the F/V MY WAY.

7.    The Defendant, LIMA & CURA FISHING CORPORATION , chartered the F/V MY WAY from some other person or entity such that on or about October 4, 2003 the Defendant, LIMA & CURA FISHING CORPORATION  was the owner pro hac vice of the F/V MY WAY.

8.    On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION , operated the F/V MY WAY.

9.    On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION , or the Defendant's agents, servants, and/or employees, controlled the F/V MY WAY.

10.    On or about October 4, 2003, the F/V MY WAY was in navigable waters.

11.    On or about October 4, 2003, while in the in the performance of his duties in the service of the F/V MY WAY, the Plaintiff, CARLOS A. AGUIAR, sustained personal injuries.

12.    Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, CARLOS A. AGUIAR, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

### CARLOS A. AGUIAR v. LIMA & CURA FISHING CORPORATION

#### (JONES ACT NEGLIGENCE)

15.    The Plaintiff, CARLOS A. AGUIAR, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.    The personal injuries sustained by the Plaintiff, CARLOS A. AGUIAR, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.    As a result of said injuries, the Plaintiff, CARLOS A. AGUIAR, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.    This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a Jury, together with interest and costs.

## COUNT II

### CARLOS A. AGUIAR v. LIMA & CURA FISHING CORPORATION

#### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19.    The Plaintiff, CARLOS A. AGUIAR, reiterates the allegations set forth in paragraphs 1 through 14 above.

3

20.    The personal injuries sustained by the Plaintiff, CARLOS A. AGUIAR, were due to no fault of his, but were caused by the Unseaworthiness of the F/V MY WAY.

21.    As a result of said injuries, the Plaintiff, CARLOS A. AGUIAR has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.    This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a Jury, together with interest and costs.


## COUNT III

### CARLOS A. AGUIAR v. LIMA & CURA FISHING CORPORATION

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.    The Plaintiff, CARLOS A. AGUIAR, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.    As a result of the personal injuries described in paragraph 11 above, the Plaintiff, CARLOS A. AGUIAR, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

4

## COUNT IV

### CARLOS A. AGUIAR vs. LIMA & CURA FISHING CORPORATION

(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT
FAILURE TO PROVIDE MAINTENANCE and CURE)

25.     The Plaintiff, CARLOS A. AGUIAR, reiterates the allegations set forth in
paragraphs 1 through 14 above.

26.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff,
CARLOS A. AGUIAR, has incurred and will continue to incur expenses for his maintenance and
cure.

27.     The Plaintiff, CARLOS A. AGUIAR, has made demand upon the Defendant,
LIMA & CURA FISHING CORPORATION , for the provision of maintenance and cure.

28.     The Defendant, LIMA & CURA FISHING CORPORATION , has negligently,
willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and
cure in a timely and adequate manner.

29.     As a result of the Defendant's failure to provide the Plaintiff maintenance and
cure, the Plaintiff has sustained and will continue to sustain damages, including without
limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical
and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be
shown at trial.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the
Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a

5

Jury, as compensatory damages for failure to pay maintenance and cure, together with costs,

interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, CARLOS A. AGUIAR,
by his attorney,


David F. Anderson
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 9|15|04