UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS A. AGUIAR,<br> Plaintiff<br><br>V.<br><br>LIMA & CURA FISHING<br>CORPORATION,<br> Defendant | Civil Action<br><br>04 12011 MLW |

## SEAMAN'S AFFIDAVIT

I, DAVID F. ANDERSON, attorney for the Plaintiff in the above-entitled action, do on oath depose and say as follows:

1. The Plaintiff, CARLOS A. AGUIAR, in the above entitled action was a seaman and claims the benefits of the United States Code, Title 28, Section 1916, which provides that:

> "In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor"

David F. Anderson
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 9-15-04

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Subscribed and sworn to before me this 15th day of September, 2004

Notary Public My commission expires 9-22-06



UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS A. AGUIAR,<br>  Plaintiff<br><br>V.<br><br>LIMA & CURA FISHING<br>CORPORATION,<br>  Defendant | )<br>)<br>)<br>)  Civil Action<br>)<br>)  No. _____<br>)<br>)<br>)<br>) |

04 12011

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 9/16/04

MAGISTRATE JUDGE _____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.  The Plaintiff, CARLOS A. AGUIAR, is a resident of New Bedford, County of Bristol, Commonwealth of Massachusetts.

2.  The Defendant, LIMA & CURA FISHING CORPORATION, is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3.  On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION, was doing business within the Commonwealth of Massachusetts.

4.  On or about October 4, 2003, the Plaintiff, CARLOS A. AGUIAR, was employed by the Defendant, LIMA & CURA FISHING CORPORATION.

5.  On or about October 4, 2003, the Plaintiff, CARLOS A. AGUIAR, was employed by the Defendant, LIMA & CURA FISHING CORPORATION, as a seaman, and a member of the crew of the F/V MY WAY.

6. On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION, owned the F/V MY WAY.

7. The Defendant, LIMA & CURA FISHING CORPORATION, chartered the F/V MY WAY from some other person or entity such that on or about October 4, 2003 the Defendant, LIMA & CURA FISHING CORPORATION was the owner pro hac vice of the F/V MY WAY.

8. On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION, operated the F/V MY WAY.

9. On or about October 4, 2003, the Defendant, LIMA & CURA FISHING CORPORATION, or the Defendant's agents, servants, and/or employees, controlled the F/V MY WAY.

10. On or about October 4, 2003, the F/V MY WAY was in navigable waters.

11. On or about October 4, 2003, while in the in the performance of his duties in the service of the F/V MY WAY, the Plaintiff, CARLOS A. AGUIAR, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, CARLOS A. AGUIAR, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

## CARLOS A. AGUIAR v. LIMA & CURA FISHING CORPORATION

(JONES ACT NEGLIGENCE)

15. The Plaintiff, CARLOS A. AGUIAR, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, CARLOS A. AGUIAR, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, CARLOS A. AGUIAR, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a Jury, together with interest and costs.

## COUNT II

## CARLOS A. AGUIAR v. LIMA & CURA FISHING CORPORATION

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, CARLOS A. AGUIAR, reiterates the allegations set forth in paragraphs 1 through 14 above.

20.     The personal injuries sustained by the Plaintiff, CARLOS A. AGUIAR, were due to no fault of his, but were caused by the Unseaworthiness of the F/V MY WAY.

21.     As a result of said injuries, the Plaintiff, CARLOS A. AGUIAR has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a Jury, together with interest and costs.

## COUNT III

### CARLOS A. AGUIAR v. LIMA & CURA FISHING CORPORATION

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.     The Plaintiff, CARLOS A. AGUIAR, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, CARLOS A. AGUIAR, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION , in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

## COUNT IV

### CARLOS A. AGUIAR vs. LIMA & CURA FISHING CORPORATION

(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

25. The Plaintiff, CARLOS A. AGUIAR, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, CARLOS A. AGUIAR, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, CARLOS A. AGUIAR, has made demand upon the Defendant, LIMA & CURA FISHING CORPORATION, for the provision of maintenance and cure.

28. The Defendant, LIMA & CURA FISHING CORPORATION, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, CARLOS A. AGUIAR, demands judgment against the Defendant, LIMA & CURA FISHING CORPORATION, in an amount to be determined by a

Jury, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, CARLOS A. AGUIAR,
by his attorney,

David F. Anderson
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 9/15/04