UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR,        )
      Plaintiff        )
                       )
v.                       )
                       )
LIMA & CURA FISHING      )
CORPORATION,             )
      Defendant        )

## JOINT REPORT TO THE COURT

The parties submit for the court's consideration the following joint report as required by paragraph 13 of the Scheduling Order issued by the court in this case, as well as the affidavits requested by the court on or about Thursday, November 10, 2005.

As of June of 2005, the plaintiff had not yet finished treating although, at that time, he was referred to work hardening with the prognosis that he would be able to return to work within the next six months. It wasn't until shortly before November 4, 2005 that it became apparent that the plaintiff would claim that he was unable to return to work as a commercial fisherman following the amputation of his right index finger. This triggered the need for further action, primarily a medical examination and vocational rehabilitation examination, on the defendant's behalf.

Additionally, the plaintiff first notified the defendant of deposition of the defendants on October 7, 2005. The depositions were noticed for Friday, October 14, 2005, or one day before the conclusion of discovery. Because of the defendants' fishing schedule, this was not adequate notice in order to produce them and caused the delay in the taking of the depositions until sometime thereafter.

Accordingly, counsel were cooperating with one another, as the court would expect us to, to complete the necessary pretrial preparation in order to be in a position to discuss settlement and/or possible motions for summary judgment/trial.

As of November 4, 2005, the parties did not know what the prospects were for settlement since the independent medical examination had yet to go forward. The defendant did feel that there was a proper basis for the motion for summary judgment and filed the same on November 2, 2005. Of course, this motion was denied without prejudice recently by the court. The defendant at this time believes there is still a proper basis for summary judgment and requests the court's permission to file said motion.

In summary, the parties felt that paragraph 5 of the Plaintiff's Motion to Continue the November 17, 2005 conference in favor of one to be held December 1, 2005, as well as the defendant's actual filing of a Motion for Summary Judgment, constituted timely compliance with the requirement of paragraph 13 of the Scheduling Order to report to the court the status of settlement discussions and the possibility of summary judgment.

The parties fully expect to be in a position to discuss possible settlement at the time of the conference scheduled for December 1, 2005, at 4:00 p.m.

Attached are affidavits from counsel as required by the court.

For the plaintiff,                                           For the defendant,


/s/David Berg                                                /s/Joseph A. Regan
David Berg, Esquire (BBO #        )                          Joseph A. Regan, Esquire (BBO #543504)
Latti & Anderson LLP                                         Regan & Kiely LLP
30-31 Union Wharf                                            85 Devonshire Street
Boston, MA 02109                                             Boston, MA 02109
                                                             jar@regankiely.com