UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| LIMA & CURA FISHING | ) |
| CORPORATION, | ) |
| Defendant | ) |

### AFFIDAVIT OF ATTORNEY JOSEPH A. REGAN

I, Joseph A. Regan, attorney of record for the defendant, Lima & Cura Fishing Corporation, hereby under oath depose and say as follows:

1. I represent the defendant, Lima & Cura Fishing Corporation, in this case.

2. As of June, 2005, my understanding of the status of the plaintiff's medical recovery was that he was nearing an end result and would return to work as a commercial fisherman within six (6) months following a prescribed regimen of work hardening.

Although I cannot recall the exact date that I learned otherwise, I believe it was at least the discovery deadline of October 15, 2005 when I first learned of the plaintiff's claim that he would never return to work as a commercial fisherman.

I immediately set in motion the process for a medical examination and a vocational rehabilitation examination. I provided multiple dates to the plaintiff's attorney in order for the plaintiff to choose one that suited his schedule and the dates were thus chosen.

Without the medical examination and/or the vocational rehabilitation examination, I would not have been in a position to discuss settlement by November 4, 2005, or by November

17, 2005.

6. I was also informed that because of Mr. Anderson being on trial and Mr. Berg having a conflict in covering a November 17, 2005 conference, that the plaintiff would be moving to continue said conference.

7. Accordingly, as the deadline of November 4, 2005 approached, I considered the filing of the Motion for Summary Judgment and the Motion to Continue, and the reasons therefore, to have been the functional equivalent of our reporting to the court as required by the original Scheduling Order.

8. Counsel for both sides have always cooperated in an attempt to perform the necessary work that each needed to do on behalf of his client and, at the same time, be ready when the court desired to conduct settlement discussions. With two conferences scheduled less than two weeks apart and the plaintiff's attorney's scheduling conflict, the arrangements which counsel made were done with the assumption that the court would approve of this manner of cooperating and so as to make the most profitable use of the December 1, 2005 conference.

/s/Joseph A. Regan
Joseph A. Regan