UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS A. AGUIAR,<br>    Plaintiff<br><br><br>LIMA & CURA FISHING<br>CORPORATION,<br>    Defendant | Civil Action<br><br>No. 04-12011-MLW |

### AFFIDAVIT OF DAVID J. BERG, ESQ.

I, DAVID J. BERG, do on oath depose and say as follows:

1. The attorney of record for the Plaintiff, David F. Anderson, Esq., is, as previously stated, currently on trial in federal court in Bangor, Maine, in the matter of Falconer v. Penn Maritime, Inc., et. al., C.A. 05-cv-42. This is a Jones Act case involving a paraplegic. The trial started on November 1, 2005, and is expected to last until Thanksgiving. This affidavit has been prepared in Mr. Anderson's absence by the undersigned without the input of Mr. Anderson. Mr. Anderson has been completely wrapped up in the Falconer case, a very complex trial, and has been unable to participate in this case at this time.

2. **Mr. Regan and I believe that the parties had complied with the conference report** required by paragraph 13 of the original scheduling order in paragraph 5 of the Plaintiff's assented to Motion to cancel or continue the scheduling conference and motion for extension of time to respond to the defendant's motion for summary judgment. In Mr. Anderson's absence, Mr. Regan and I specifically discussed the need to address paragraph

13 in that motion. We regret that we failed to address the issue of settlement in the degree of specificity required by the Court, and apologize for that omission.

3. As referenced in the Joint Report to the Court, we specifically discussed the fact that the Defendant would be unable to discuss settlement until the IME and vocational rehabilitation examination, which had been scheduled, had been performed. Based on my experience representing plaintiffs in personal injury cases, I considered the Defendant's position quite reasonable.

4. I believe that sanctions should not be imposed on either party because, as Mr. Regan has stated, the parties have worked together to the extent possible to minimize discovery issues and move this case on toward settlement or trial. Mr. Regan's office and this office have had many cases together over the years, and have always worked cordially with each other to accomplish discovery and prepare for trial.

5. I only know what occurred prior to my involvement in the case by reading the correspondence, pleadings and discovery from the file, and from speaking with Mr. Regan and (briefly) with Mr. Anderson. Since November 1, when I became involved in this case, I believe that the parties have worked together as well as could be to get this case in a position where both parties can reasonably discuss settlement. I agree with Mr. Regan that the parties will be in a position to discuss settlement prior to the December 1, 2005 hearing.

/s/ David J. Berg
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: November 22, 2005