UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                      )
CARLOS A. AGUIAR,                     )
         Plaintiff                    )
                                      )        Civil Action
V.                                    )
                                      )        No. 04-12011-MLW
LIMA & CURA FISHING                   )
CORPORATION,                          )
         Defendant                    )
_____)

<u>JOINT PRETRIAL STATEMENT</u>

1.     Summary of the evidence

       A.     Plaintiff

This a fairly straightforward Jones Act Seamans case arising from an injury on a

commercial fishing vessel.   The Plaintiff was injured when the "door", to the fishing net

dropped causing a load to be taken on a chain which the Plaintiff was attaching to the "door".

The door was hanging from the main towing wire which is controlled by the main towing winch.

 The load on the chain caused his right index finger to be caught between a pelican hook and the

chain, thereby crushing his finger.  Before the Plaintiff went to hook up the door, the winch

operator, Joe Lima, who was one of the co-owners of the Defendant corporation, had lowered the

door into position for the Plaintiff to then hook it up.  The procedure was that the winch operator

would lower the door, and then engage the winch's brake, which would lock the winch and

prevent the door from moving.  The Plaintiff contends that the door in question can only move if

wire comes out of the main towing winch.  The Plaintiff contends that the only way in which

wire can come out of the main towing winch is if 1) Mr. Lima lowered the winch before the

Plaintiff had finished hooking up the door, 2) the brake to the winch was not properly tightend down and/or 3) the brake to the main winch malfunctioned and therefore was defective. Simply stated, the door could not have dropped unless the winch operator was negligent or the winch and/or winch brake was defective and therefore unseaworthy.

The Plaintiff is a 47 year old commercial fisherman. He came to the United States from Portugal at the age of 19. He attended school until approximately the age of 11 in Portugal. He does not have a high school degree. He has been a commercial fisherman since 1984. His command of the English language is reasonable. He was injured on the Defendant's vessel on October 4, 2003. On that day, he was serving as the deckhand/cook when he was injured during the fishing operations.

As a result of this incident, the Plaintiff's right index finger was crushed and the finger was fractured at the proximal phalanx. The finger was subsequently amputated completely and part of the metacarpal bone was removed as well. The Plaintiff has experienced and continues to experience phantom pain in his right hand, loss of strength and grip in his right hand, cold intolerance, swelling in his hand, shocks up the elbow, paresthesias and neuropathic pain. The Plaintiff contends that he will not be able to return to work as a commercial fisherman. The Plaintiff's pre-injury average yearly earnings were approximately $43,000 per year. The Plaintiff claims lost earnings in the amount of $43,000 per year for the remainder of his worklife expectancy.

The Plaintiff also claims that the Defendant has failed to pay maintenance to the Plaintiff from the date of accident to the present at a rate based on his daily expenses of the following: $110.00 weekly for rent, $10.00 weekly for electricity, $10.00 weekly for heat, $20.00 a day for

food and necessities, for a total of $150 per week of maintenance from the date of accident until the present and continuing until he reaches a point of maximum medical improvement.

B. Defendant

The defendant agrees with the basic overall fact that the plaintiff was injured while performing his duties of hooking up a chain to the fishing door. The defendant disagrees as to what caused the injury and indeed claims that the plaintiff was at least contributorily negligent. He has previously testified that he was not observing the winch operator, as was customary, before going in to set the chain. Additionally, the defendant disputes the plaintiff's recollection of the testimony of the winch operator, Joe Lima, specifically that it was "possible" that the brake slipped. Mr. Lima did describe a scenario, as did other witnesses, in which the heavy weight of the net, coupled with additional mud from the particular type of fishing they were doing, can cause the door to creep down.

Indeed, the defendant contends that the plaintiff's expected testimony is speculative, i.e., that it was either one thing or the other. The fact is the plaintiff does not know what happened and the defendant can offer at least a third possibility as mentioned above. The defendant feels that this actually affords a sound basis for summary judgment or directed verdict.

The defendant contests the plaintiff's attorney's recitation of how much Mr. Aguiar earned per year. His tax returns are determinative, as well as his Social Security Income statement, which has been provided in discovery. In reality, the plaintiff's average earnings were in the vicinity of $25,000.00 per year, before taxes.

3

Lastly, the defendant contests the claim of maintenance and cure in the amounts claimed by the plaintiff.

2.      Facts established by the pleadings or by stipulations or admissions of counsel

    a)      The Defendant owned and operated the F/V MY WAY on October 4, 2003.

    b)      The Defendant employed the Plaintiff as a seaman and member of the crew of the F/V MY WAY on October 4, 2003.

    c)      On October 4, 2003, the F/V MY WAY was in navigable waters.

3.      Contested issues of fact

    a)      The manner in which the Plaintiff's injury occurred.

    b)      Whether the winch operator operated the winch just before the Plaintiff's injury.

    c)      Whether the brake on the winch slipped and failed to hold the door prior to the Plaintiff's injury.

    d)      Whether the Plaintiff is currently capable of working as a commercial fisherman.

    e)      Whether the Plaintiff has reached a point of maximum medical improvement.

    f)      The nature and extent of the Plaintiff's damages.

    g)      The amount of any unpaid maintenance and cure to which the Plaintiff is entitled.

    h)      Defendant's negligence

    i)      Vessel Unseaworthiness

    j)      Comparative Negligence

    k)      Maintence & Cure

    l.)     Whether the plaintiff is currently capable of working in gainful employment other than as a commercial fisherman.

m.)     The nature and extent of the plaintiff's earning capacity.

4.      Jurisdictional questions

None.

5. Questions Raised by Pending Motions

The defendant filed a Motion for Summary Judgment, which was denied without prejudice by the court as being filed prematurely. The defendant has recently requested permission to refile this motion and is awaiting a decision by the court.

6.      Issues of law

None of which the parties are aware, other than those raised by the Defendant's Motion for Summary Judgment.  This is a standard maritime personal injury case brought under the Jones Act and the general maritime law of unseaworthiness and maintenance and cure.

7.      Requested amendments to the pleadings

None.

8.      Additional matters to aid in the disposition of the action

None.

9.      Probable length of trial

4-5 days.

10.    Witnesses

    A.    Plaintiff

    1.    Jose Abreu
       341 Orchard Street
       New Bedford, MA 02740

    2.    Carlos Aguiar
       18 Bourne Street
       New Bedford, MA 02740

    3.    Celeste Aguiar
       18 Bourne Street
       New Bedford, MA 02740

    4.    Joao Cura
       101 Nautilus St.
       New Bedford, MA 02740

    5.    Jose Lima
       95 Bonney St.
       New Bedford, MA 02740

    6.    Joaquim Machado
       154 Clara Street
       New Bedford, MA 02744

    7.    Lawrence P. Bowen, M.D.
       Richard Kim, M.D.
       Jennifer Lee, M.D.
       Patrick K. Sullivan, M.D.
       Rhode Island Hospital
       593 Eddy Street
       Providence, RI 02903

    8.    Robert H. Sawyer, M.D.
       Hawthorn Medical Associates, LLC
       480 Hawthorn Street
       North Dartmouth, MA 02747

    9.    Keepers of the records of the following:

a.    Hawthorn Medical Associates, LLC
480 Hawthorn Street
North Dartmouth, MA 02747

b.    Healthsouth New England Rehabilitation
250 Faunce Corner Road
North Dartmouth, MA 02747

c.    Lima & Cura Fishing Corporation
114 MacArthur Drive
New Bedford, MA 02740

d.    Mr. Frank Sweeney
Mr. Russell Dubois
Marine Safety Consultants, Inc.
P. O. Box 615
Fairhaven, MA 02719-0615

e.    Rhode Island Hospital
593 Eddy Street
Providence, RI 02903

f.    Rhode Island Hospital Plastic Surgery Clinic
593 Eddy Street
Providence, RI 02903

g.    Southcoast Rehabilitation Services
49 State Road
North Dartmouth, MA 02747

The Plaintiff reserves the right to call any witnesses identified by the Defendant in this Pretrial Statement.

### B. Defendant

The defendant intends to call several of the witnesses which are listed by the plaintiff and reserves the right to do so. Additionally, the defendant anticipates calling the following witnesses:

1.  Edward A. Nalebuff, M.D.

Hand Surgical Associates, Inc.

New England Baptist Hospital

125 Parker Hill Avenue

Boston, MA 02120

2.    Deborah J. Veatch, Vocational Rehabilitation Expert

Eleven Chester Street

Newton, MA 02161

3.  Thomas Lee, Fishing Captain/Liability Expert

New Bedford, MA 02719

4.    David DuBois, Maintenance & Cure/Liability Expert

Marine Safety Consultants

26 Water Street

Fairhaven, MA 02719

11.    Proposed exhibits

    A.    Plaintiff

        a.    photographs of the F/V MY WAY, the winch and door in question, and the fishing net;

        b.    medical records and bills from Hawthorn Medical Associates, LLC;

        c.    medical records and bills from Healthsouth New England Rehabilitation;

        d.    medical records and bills from Rhode Island Hospital;

        e.    medical records and bills from Rhode Island Hospital Plastic Surgery Clinic;

        f.    medical records and bills from Southcoast Rehabilitation Services;

        g.    National Vital Statistics Reports, United States Life and Life Expectancy Tables;

        h.    Department of Housing Poverty guidelines;

        i.    settlement sheets from the F/V MY WAY;

      j.      tax returns of Carlos Aguiar;

      k.      written demands for maintenance and cure benefits.

B.     Defendant

The defendant intends to offer several of the same exhibits listed by the plaintiff above, as well the following:

a.) The plaintiff's Social Security Income statement;

b.) Recorded interview and transcript thereof of plaintiff;

c.) Recorded interviews and transcripts thereof of crewmembers Abreu, Machado, Lima and Cura;

d.) All documents provided by either side as part of Automatic Disclosure or Responses to Requests for Production of Documents;

e.) An exemplar (new) hook of type used by plaintiff;

f.) Copies of crew share receipts, maintenance & cure payments/receipts, advance payments and similar documents.

12.    Objections to Rule 26(a)(3) Disclosures

The defendant does object to the following exhibits proposed to be offered by the plaintiff:

1. National Vital Statistic Reports, United States Life & Life Expectancy Tables

2. Department of Housing Poverty Guidelines.

Defendant intends to offer the testimony of Dr. Nalebuff and Deborah Veatch by

audiovisual means. The defendant has no objection to the manner in which the plaintiff intends

to offer testimony, i.e., audio/video testimony but does reserve the right to object to individual

questions.

The defendant anticipates that it may have to offer testimony by deposition of either Mr. Abreu, Mr. Cura or Mr. Lima. Again, the defendant does not object to the manner of the plaintiff's intent to offer testimony, i.e., by deposition as opposed to live testimony, but does reserve the right to object to individual questions.

Respectfully submitted for the
the Plaintiff, CARLOS A. AGUIAR,
by his attorney,

/s/ David F. Anderson
David F. Anderson, Esq.
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Respectfully submitted for the
the Defendant Lima & Cura Fishing Corporation,
by its attorney,

/s/ Joseph A. Regan
Joseph A. Regan, Esq.
Regan & Kiely LLP
85 Devonshire St.
Boston, MA 02109

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David F. Anderson, Esq.
David F. Anderson, Esq.
Latti & Anderson LLP
30-31 Union Wharf

Boston, MA 02109
617-523-1000

Dated: November 23, 2005