UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS AGUIAR )<br>    Plaintiff )<br> )<br>Vs. )<br> )<br>LIMA AND CURA FISHING )<br>CORPORATION. )<br>    Defendant )<br> ) | Civil Action No. 04-12011-MLW |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

I.   Opposition to Defendant's Motion for Summary Judgment

The facts surrounding Plaintiff's accident including the expert opinions of the Plaintiff are set forth in significant detail within Plaintiff's Statement of Undisputed Material Facts and are supported either by the sworn testimony of the crew and/or the Affidavit of Carlos Aguiar. (Attached hereto as Ex. "A").  However all parties agree that "As the plaintiff was in the process of securing the safety latch, the door dropped down all the way into the water, pulling the safety chain and crushing the Plaintiff's fingers". Def. Statement of Material Facts, Para 5. It is undisputed that at the time of Plaintiff's accident the door was hanging from the towing wire which was controlled by the towing winch. Plaintiff's Statement of Material Fact, Page 3-4, Para 7. It is undisputed that at the time of the accident the winch operator Mr. Cura had one hand on the hydraulic controls of the winch and one hand on the brake of the winch. Plaintiff's Statement of Material Fact, Page 7, Para. 20. It is undisputed that the winch operator was the only crewmember with the ability to operate either the winch brake or winch controls to raise or lower

the door and that neither the Plaintiff nor Capt. Cura saw what he did with his hands at the time of the accident. <u>Plaintiff's Statement of Material Fact</u>, Page 7, Para 20-21. Notwithstanding the fact that the door dropped down, the winch operator has testified that prior to the accident he tightened the winch brake and that he did not move the winch controls. <u>Depo. of Cura</u>, Def. Ex. "E", Pages 50-51.

 Plaintiff suggests that this case is analogous to a situation in which a car stops at a cross walk in order to allow a pedestrian to cross. While the pedestrian is crossing the street the car lurches forward striking the pedestrian and injuring him. Neither the pedestrian in the street nor the passenger in the car are able to observe what the driver did with his feet. The driver testifies that he had one foot firmly on the brake and did not touch the gas pedal but none the less the car spontaneously and for no apparent reason lurched forward. Given that lay people have experience driving cars, under these circumstances a reasonable juror could draw the inference that the driver took his foot off the brake and tapped the gas pedal. Alternatively, an individual could believe the driver and draw the inference that the brake and throttle system on the car was defective. These are the only two reasonable inferences.

 Prior to Defendant filing its motion the Plaintiff Carlos Aguiar was disclosed as an expert witness on the issue of winch and fishing operation. In his <u>Affidavit</u> the Plaintiff explains the operation of the winch and fishing equipment, the proper procedure for operating the winch during a haul back and offers the expert opinion that the door moved because the winch operator negligently failed to tighten the brake and negligently moved the control. <u>Affidavit of Carlos Aguiar</u>, Ex. "A" Pages 5-6, Para. 16-18. Alternatively, the Plaintiff offered the expert opinion that if the winch operator properly tightened the brake and did not move the controls (as testified to in Lima's deposition) then winch was defective and therefore unseaworthy. <u>Affidavit of</u>

2

Carlos Aguiar, Ex. "A" Pages 5-6, Para. 16-18.  Accordingly, the Plaintiff has made out a prima facie case of both Negligence under the Jones Act and Unseaworthiness under the General Maritime Law.

In its motion for Summary Judgment, the Defendant argues that summary judgment should be granted on the Plaintiff's claims for Negligence and Unseaworthiness for several reasons.  First the Defendant claims that "the door could move down into the water if the net got hung up on rocks." Def. Memorandum, P. 3.  This is true; however it is undisputed that at the time of the accident the net was not hung up on rocks. Affidavit of Aguiar, Page 4-5, Para. 12. Depo. of Capt. Cura, Def. Ex. "D", Page 28.  Secondly, the Defendant argues that the Plaintiff "did not actually see Lima operating the winch or tying off the brake, but relies merely on speculation and assumption that Lima was operating the controls and was negligent in doing so." Def. Memorandum, P. 4.  As set forth in the Affidavit of Carlos Aguiar based upon the fact that Lima had exclusive control of the winch through it the door, and based upon the fact that the winch was working properly the entire trip, it is reasonable to infer that if the winch pulled the door up and then dropped it down, it did so because Lima failed to tighten the brake and negligently operated the controls.  Ex. "A", Page 6, Para. 18.  Because Mr. Aguiar is qualified and has been disclosed as an expert, he will be offering this opinion at trial.  Simply stated the fact that the winch operator, Lima, will not admit that he moved the controls or failed to tighten the brake is not dispositive on this issue, where all other pieces of evidence so strongly point to the conclusion that he did.

The Defendant has argued that "The plaintiff has failed to acknowledge a third possibility that could have caused the door to fall – the door was heavy with the weight of the equipment, the net, mud on the net, and the catch, and this excessive weight pulled the door down.  The

3

weight of the equipment causing the door to move down is the only theory supported by direct evidence" <u>Def. Memorandum</u>. P. 4.   Although made by the Defendant, this argument is in fact, Plaintiff's alternative theory of liability, that if in fact Lima tightened the brake and did not touch the controls (i.e. was not negligent), then the winch brake was defective because it did not function as it was intended.  It is undisputed that the purpose for which the winch brake is intended and used is to stop the winch from either paying out or hauling in the towing wire. <u>Affidavit of Carlos Aguiar</u>, Ex. "A" Pages 4, Para 10.  If the winch brake is working properly and is tightened down properly, then it will prevent the winch from either hauling in or paying out wire no matter how heavy the catch and gear are.  <u>Affidavit of Carlos Aguiar</u>, Ex. "A" Pages 4, Para. 11.  If, as alleged by the Defendant, the weight of the equipment, the net, mud on the net, and the catch caused the winch brake to slip and the door to go down, then the winch brake was not fit for the purpose for which it was intended and used and therefore was unseawothy.

> "A shipowner has an absolute duty to provide to every member of his crew a vessel and appurtenances reasonably fit for their intended use.  This duty includes maintaining the ship's equipment in proper operating condition and is breached by transitory as well as permanent defect in such equipment.  Even a temporary and unforeseen malfunction or failure of a piece of equipment under proper and expected use is sufficient to establish a claim of damages for unseaworthiness"
>
> <u>Hubbard vs. Faros Fisheries, Inc.</u>, 626 F.2d 196, 199 (1st Cir. 1980)

Here the "proper and expected use" of the winch brake is to prevent "the weight of the equipment, the net, mud on the net, and the catch" from pulling wire out of the winch. <u>Hubbard</u>, 626 F.2d 196, 199 (1st Cir. 1980); <u>Def. Memorandum</u>, P. 4., <u>Affidavit of Carlos Aguiar</u>, Page 4, Para. 10-11.  If the winch brake failed under these expected circumstances as alleged by the Defendant, then that fact alone is "sufficient to establish a claim of damages for unseaworthiness." <u>Hubbard</u>, 626 F.2d 196, 199 (1st Cir. 1980).

Finally, the Defendant has suggested that the winch slipped dropping the door due to the fact that there was mud on the door or in the net suggesting that this mud some how constitutes a "peril of the sea". See, Ferrara vs. A & V Fishing, Inc. 99 F.3d 449 (1st Cir. 1996). In order to be considered a peril of the sea the condition must be "of an extraordinary nature or arise from irresistible force or overwhelming power and which cannot be guard against by the ordinary exertions of human skill and prudence. Ferrara vs. A & V Fishing, Inc. 99 F.3d 449, 454 (1st Cir. 1996). Here the Defendant's vessel regularly fished in muddy bottom and regularly brought mud up with the fishing gear. Affidavit of Carlos Aguiar, Page 5, Para. 13. The Captain/Owner, Cura testified in his deposition that there was the "normal" amount of mud in the net at the time of Plaintiff's accident. Simply stated the fact that there may have been some mud in the net at the time of Plaintiff's accident is normal and expected and not a "peril of the sea".

II.   Plaintiff's Cross-Motion for Partial Summary Judgment against the Defendant on the Issue  of Contributory Negligence.

As an affirmative Defense the Defendant has the burden of proof on the issue of contributory negligence. As noted above, the Plaintiff in this case had absolutely no control over either the winch or the door and was in a position similar to the pedestrian in the cross walk who is hit by the car.

Question #13 of Plaintiff's Interrogatories asks the Defendant to state the basis of it claim for contributory negligence. In response to this question Capt. Cura, who witnesses the entire accident stated as follows:

> "I have been informed by my attorneys that neither any other crewmember nor the vessel was responsible for the plaintiff's injuries. If anyone was responsible for the Plaintiff's injuries he was."

<u>Defendant's Answers to Plaintiff's Interrogatories</u>, Int. #13, Pages 5-6, (Attached hereto as Ex. "B"). In his Affidavit the Plaintiff set forth the precise procedures he should have followed in connection with the haul back. <u>Affidavit of Carlos Aguiar</u>, P. 3-5. The Plaintiff followed all of the correct procedures and did nothing negligent which caused or contributed to his injuries. <u>Affidavit of Carlos Aguiar</u>, P. 5., Para. 14.

The Defendant has failed to identify a single negligent act or omission by the Plaintiff which caused or contributed to causing his injury. Accordingly, Pursuant to F.R.Civ.P. 56 partial summary judgment in favor of the Plaintiff should be entered on Defendant's claim of contributory negligence.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court Deny <u>Defendant Lima & Cura Fishing Corporation's Motion for Summary Judgment</u>. Plaintiff further requests that this Honorable Court enter partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in favor of the Plaintiff with respect to Defendant's claim of contributory negligence

        Respectfully Submitted on
        behalf of the Plaintiff Carlos Aguiar,
        by his attorney,


        /s/ David F. Anderson, Esq.
        David F. Anderson
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.


        /s/ David F. Anderson, Esq.
        David F. Anderson, Esq.
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        617-523-1000

Dated: