UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR,            )
      Plaintiff
                         )
v.

LIMA & CURA FISHING          )
CORPORATION,                 )
      Defendant           )

## DEFENDANT LIMA & CURA FISHING CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Now comes the defendant Lima & Cura Fishing Corporation (the "defendant") and submits the following memorandum of law in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Carlos A. Aguiar ("Aguiar" or the "plaintiff") has failed to allege any facts which would allow him to recover under the theories of Jones Act negligence, unseaworthiness, or maintenance and cure. Within this memorandum, the defendant makes reference to the Plaintiff's Deposition (attached as **Exhibit A**), Plaintiff's Recorded Interview (attached as **Exhibit B**), Plaintiff's Answers to Interrogatories (attached as **Exhibit C**), Joao Cura Deposition (attached as **Exhibit D**), and Jose Lima Deposition (attached as **Exhibit E**).

## FACTS

On October 4, 2003, the plaintiff suffered an injury to his finger while employed as a deck hand and a cook on the defendant's commercial fishing vessel, F/V MY WAY. At the time of the plaintiff's injury, the F/V MY WAY was at sea, after having left port in New Bedford,

Massachusetts two to three days prior. The wind was approximately 20 knots and the seas were 2-3 feet.

The plaintiff was in the process of hooking up the port side door on the F/V MY WAY at the time he was injured. The door came up to the gallus frame where it stopped. The plaintiff's job at that point was to take a safety chain and thread it through a triangular piece of metal which is welded onto the backside of the door. He then was to secure the chain to the gallus frame by a hook and ring assembly. As the plaintiff was in the process of securing the safety latch, the door dropped down all the way into the water, pulling the safety chain and crushing the plaintiff's finger.

At the time of the plaintiff's injury, there were four other individuals aboard the fishing vessel: (1) John Cura ("Cura"), captain and part owner of the F/V MY WAY; (2) Joe Lima ("Lima"), engineer and part owner of the F/V MY WAY; (3) Joaquim Machado, deck hand; and (4) Jose D. Abreu, mate. Lima was operating the winch and the brake.

## ARGUMENT

In his complaint, the plaintiff asserts that the defendant is liable for: (1) Jones Act negligence; (2) unseaworthiness; (3) maintenance and cure; and (4) intentional/ negligent failure to provide maintenance and cure. As discussed below, these theories of liability are not supported by any evidence and are based on the plaintiff's unfounded allegations that the defendant is liable. This is not enough to carry the plaintiff's burden of proof and the defendant should be granted summary judgment.

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ.

P. 56 (c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inference in [its] favor." <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "There must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.'" <u>Rogers v. Fair</u>, 902 F.2d. 140, 143 (1st Cir. 1990), *quoting* <u>Anderson</u>, 477 U.S. at 249-50. Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputed over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." <u>Anderson</u>, 477 U.S. at 248.

On October 6, 2003, two days after his accident, the plaintiff made an oral statement regarding the injury to his finger. In this statement, the plaintiff indicated that he was trying to put the chain on the door at the time he was injured and that it was not the winch operator's fault that the door went down, causing injury to the plaintiff's finger. Plaintiff's Recorded Interview, p. 3. In addition, during his deposition testimony, the plaintiff acknowledged that it was possible that the door could move down into the water if the net got hung up on rocks or some other matter in the water. Plaintiff's Deposition, 63:1-3. The plaintiff also stated that the "equipment was working properly all the time" and that the door slipping down in such a way "happens."

Plaintiff's Recorded Interview, p. 6; Plaintiff's Deposition, 64:20-22. Furthermore, both Lima and Cura confirmed the plaintiff's statement that the winch was functioning properly. Joao Cura Deposition, 10:8-16; Jose Lima Deposition, 36:17-24.

In direct contradiction to his October 6, 2003 statement, the plaintiff now alleges that the door dropping down on his finger was caused by one of two possibilities. The plaintiff's first theory is that the winch operator negligently dropped the door in his operation of the winch. Plaintiff's Deposition, 61:20-24, 62:17-24. The plaintiff's second theory is that if the winch operator did not operate the winch or move the controls, then the winch and/or the brake malfunctioned, causing the door to slip and creating an unseaworthy condition. Plaintiff's Deposition, 61:20-24, 62:17-24.

However, the plaintiff's deposition testimony directly contradicts his two theories and fails to acknowledge a third possibility as to what may have caused the door to drop. First, the plaintiff testified that the winch was, in fact, functioning properly. Plaintiff's Deposition, 47:4-6; 47:10-12; 64:20-22. Second, the plaintiff stated that he did not actually see Lima operating the winch or tying off the brake, but relies merely on speculation and assumption that Lima was operating the controls and was negligent in doing so. Plaintiff's Deposition, 53:20-22; 54:5-9; 63:4-22. In fact, the plaintiff testified that his back was to Lima during the time the plaintiff claims that Lima was operating the controls. Plaintiff's Deposition, 64:7-19.

The plaintiff has also failed to acknowledge a third possibility that could have caused the door to fall – the door was heavy with the weight of the equipment, the net, mud on the net, and the catch, and this excessive weight pulled the door down. The weight of the equipment causing the door to move down is the only theory supported by direct evidence. Cura testified that even

when the brake is on the door can move down because of mud in the net. Cura Deposition, 15:3-6; 14:5-7. Lima testified that at the time of the accident he saw some mud on the door itself. Lima Deposition, 40:11-14.

Contrary to the plaintiff's claims of negligence and unseaworthiness on the part of the defendant, the plaintiff has offered no evidence to support either of his two theories and has made conflicting statements about the cause of his injury. Furthermore, the plaintiff has not produced any expert statements or test results of the F/V MY WAY's equipment, including the vessel's winch, the brake, or the safety chain. As required by case law, the plaintiff must provide "sufficient evidence for a jury to return a verdict for that party." *See* Rogers, 902 F.2d. at 143. The evidence presented by the plaintiff must also be "significantly probative" or summary judgment should be granted to the defendant. *Id., quoting* Anderson, 477 U.S. at 249-50. However, the plaintiff has no such evidence and relies solely on speculation that the defendant is liable for the plaintiff's injuries.

Under the standard for a motion for summary judgment, mere allegation is not enough and, therefore, the defendant's motion should be granted.

## CONCLUSION

Although the plaintiff has alleged negligence on the part of the defendant, the plaintiff has not offered any evidence supporting his claims. For the reasons stated above and because none of the material facts in this case are disputed, the defendant is entitled to summary judgment as a matter of law on the plaintiff's allegations.

WHEREFORE, the defendant Lima & Cura Fishing Corporation requests that the plaintiff's complaint be dismissed as a matter of summary judgment because, given the facts

alleged, the plaintiff's claim cannot prevail.

>For the Defendant,
>Lima & Cura Fishing Corporation
>By its attorneys,
>
>**REGAN & KIELY LLP**
>
>/s/ Joseph A. Regan
>Joseph A. Regan, Esquire (BBO #543504)
>85 Devonshire Street
>Boston, MA 02109
>(617)723-0901