UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR, )
       Plaintiff )
        )
   v. )
        )
LIMA & CURA FISHING )
CORPORATION, )
       Defendant )

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT LIMA & CURA FISHING CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Now comes the defendant in the above-captioned matter, Lima & Cura Fishing Corporation (the "defendant"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 submits the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

1. On October 4, 2003, Carlos A. Aguiar ("Aguiar" or the "plaintiff") suffered an injury to his finger while employed as a deck hand and a cook on the defendant's commercial fishing vessel, F/V MY WAY. Plaintiff's Answers to Interrogatories (attached as **Exhibit C**), Ans. 2.

2. At the time of the plaintiff's injury, the F/V MY WAY was at sea, after having left port in New Bedford, Massachusetts two to three days prior. Plaintiff's Answers to Interrogatories, Ans. 4; Plaintiff's Recorded Interview (attached as **Exhibit B**), p. 2.

3. The wind was approximately 20 knots and the seas were 2-3 feet. Plaintiff's

Answers to Interrogatories, Ans. 4.

4. The plaintiff was in the process of hooking up the port side door on the F/V MY WAY at the time he was injured. Plaintiff's Answers to Interrogatories, Ans. 5.

5. The door came up to the gallus frame where it stopped. The plaintiff's job at that point was to take a safety chain and thread it through a triangular piece of metal which is welded onto the backside of the door. He then was to secure the chain to the gallus frame by a hook and ring assembly. As the plaintiff was in the process of securing the safety latch, the door dropped down all the way into the water, pulling the safety chain and crushing the plaintiff's finger. Plaintiff's Answers to Interrogatories, Ans. 5; Plaintiff's Recorded Interview, pgs. 2-3. There was mud on the door at the time of the accident. Jose Lima Deposition (attached as **Exhibit E**), 40:11-14.

6. There were four other individuals aboard the fishing vessel when the plaintiff was injured: (1) John Cura, captain and part owner of the F/V MY WAY; (2) Joe Lima ("Lima"), engineer and part owner of the F/V MY WAY; (3) Joaquim Machado, deck hand; and (4) Jose D. Abreu, mate. Plaintiff's Recorded Interview, p. 2.

7. Lima was standing at the winch and brake controls at the time of the plaintiff's injury. The winch was operating properly. Plaintiff's Deposition (attached as **Exhibit A**), 47:4-6; 47:10-12; 64:20-22. The plaintiff did not see Lima operating the winch or tying off the brake, and had his back turned to Lima. Plaintiff's Deposition, 53:20-22; 54:5-9; 63:4-22; 64:7-19.

For the Defendant,
Lima & Cura Fishing Corporation
By its attorneys,

**REGAN & KIELY LLP**

/s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
85 Devonshire Street
Boston, MA 02109
(617)723-0901

3