UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR,            )
       Plaintiff            )
                   )
   v.            )
                   )
LIMA & CURA FISHING   )
CORPORATION,            )
       Defendant            )

**DEFENDANT LIMA & CURA FISHING CORPORATION'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO THE <u>PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Now comes the defendant, Lima & Cura Fishing Corporation (the "defendant" or "Lima & Cura") and submits the following memorandum of law in support of its opposition to the plaintiff's cross motion for partial summary judgment on the issue of contributory negligence, pursuant to Rule 56 of the Federal Rules of Civil Procedure. As grounds for its opposition, the defendant states that there are genuine issues of material fact with respect to the plaintiff's contributory negligence. Furthermore, the defendant can establish that the plaintiff's conduct contributed to his own injuries. Within this memorandum, the defendant makes reference to the Plaintiff's Deposition (attached as **Exhibit A** to the defendant's original Motion for Summary Judgment), Recorded Interview of Carlos Aguiar (hereinafter "Plaintiff's Recorded Interview," attached as **Exhibit B** to the defendant's original Motion for Summary Judgment), Plaintiff's Answers to Interrogatories (attached as **Exhibit C** to the defendant's original Motion for Summary Judgment), Jose Lima Deposition (attached as **Exhibit E** to the defendant's original Motion for Summary Judgment), and the Affidavit of David C. Dubois (attached as **Exhibit F**).

## FACTS

On October 4, 2003, Carlos A. Aguiar ("Aguiar" or the "plaintiff") suffered an injury to his finger while employed as a deck hand and a cook on the defendant's commercial fishing vessel, F/V MY WAY. Plaintiff's Answers to Interrogatories, Ans. 2. At the time of the plaintiff's injury, the F/V MY WAY was at sea, after having left port in New Bedford, Massachusetts two to three days prior. Plaintiff's Answers to Interrogatories, Ans. 4; Plaintiff's Recorded Interview, p. 2. The plaintiff was in the process of hooking up the port side door on the F/V MY WAY at the time he was injured. Plaintiff's Deposition, 48:7-18; Plaintiff's Answers to Interrogatories, Ans. 5.

The door came up to the gallus frame where it stopped. The plaintiff's job at that point was to take a safety chain and thread it through a triangular piece of metal which is welded onto the backside of the door. He then was to secure the chain to the gallus frame by a hook and ring assembly. As the plaintiff was in the process of securing the safety latch, the door dropped down, pulling the safety chain and crushing the plaintiff's finger. Plaintiff's Answers to Interrogatories, Ans. 5; Plaintiff's Recorded Interview, pgs. 2-3.

Jose Lima ("Lima") was standing at the winch and brake controls at the time of the plaintiff's injury. The winch was operating properly. Plaintiff's Deposition, 47:4-6; 47:10-12; 64:20-22; Affidavit of Carlos Aguiar ("Aguiar Affidavit," attached as Exhibit A to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Cross Motion for Partial Summary Judgment, and Plaintiff's Statement of Undisputed Material Facts), ¶16. The plaintiff did not see Lima operating the winch or tighten down the brake, and had his back turned to Lima. Plaintiff's Deposition, 53:20-22; 54:5-9; 63:4-22; 64:7-19. There was mud on the door at

the time of the accident.  Jose Lima Deposition, 40:11-14.

## ARGUMENT

In the plaintiff's cross motion for partial summary judgment, he asserts that the defendant has failed to prove that any genuine issues of material fact exist on the defendant's claim that the plaintiff was contributorily negligent.  As discussed below, there are genuine issues of material fact surrounding the plaintiff's contributory negligence, as evidenced by the Affidavit of David C. Dubois.

The plaintiff is only entitled to summary judgment if there is no "genuine issue of material fact."  Fed. R. Civ. P. 56(c).  In reviewing a party's motion for summary judgment, the court "must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inference in [its] favor."  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  As the moving party, the plaintiff has the initial burden of demonstrating the absence of a disputed issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986).  Once the plaintiff meets his showing that there is no disputed issue of material fact, the non-moving party must present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).

In his deposition, the plaintiff stated that at the time of his accident, Lima was operating the port side winch and Joaquim Machado ("Machado") was operating the starboard side winch. Plaintiff's Deposition, 46:4-8.  The plaintiff was working on the port side of the vessel at the time.  The plaintiff said that he saw Lima operating the port side winch when the door was raised and that the plaintiff subsequently saw the door come to a stop.  Plaintiff's Deposition, 53:11-19. The plaintiff, however, stated that he did not see Lima actually tie off the brake.  Plaintiff's

Deposition, 53:20-54:9.  Furthermore, the plaintiff did not hear Lima signal to the plaintiff that he had, in fact, tied down the brake.  Plaintiff's Deposition, 54:10-13.  The plaintiff also stated that just because the door was stopped, this did not necessarily mean that the brake was on, only that it "could be" an indication of such.  Plaintiff's Deposition, 54:14-21.  Without knowing whether or not the brake was secure on the port side door, the plaintiff went to pass the safety chain through the door.  Plaintiff's Deposition, 55:5-12.  The plaintiff stated that he knew from experience that he would be putting himself into danger if he was hooking up the safety chain prior to the brake being tightened down.  Plaintiff's Deposition, 55:13-16.  Even so, the plaintiff went to put the chain around the port side door when the door went down and hit the plaintiff's finger.  Plaintiff's Deposition, 55:19-56:8.

As an experienced fisherman, the plaintiff should have made sure that everything on the vessel was secure prior to attempting to hook up the safety chain.  *See* Affidavit of David C. Dubois, ¶7. Even in the event that the plaintiff had determined that everything was secure, which the plaintiff failed to do, the plaintiff should have been very careful as to where he placed his hands so as not to put his hands in a position of ultimate danger.  *Id.*; *see also* Plaintiff's Deposition, 55:5-12.  Furthermore, the plaintiff should have taken into account the rolling of the boat, which could cause the door to bob up and down, when hooking up the safety chain.  Affidavit of David C. DuBois, ¶8.  Because the plaintiff failed to make sure that everything was secure, knowing full well that he would be putting himself into danger, the plaintiff was either directly responsible for his injury, or at the least, contributorily negligent in causing the injury to his finger.  Affidavit of David C. DuBois, ¶¶10, 11; Plaintiff's Deposition, 55:13-16.

As required by law to defeat a party's motion for summary judgment, the defendant has alleged specific facts, namely the plaintiff's own deposition testimony and the Affidavit of David C. DuBois, showing that there is a genuine issue for trial on the issue of the plaintiff's contributory negligence. The plaintiff's assertion in his cross motion for partial summary judgment that he had no control over the winch or the door on the vessel is not a valid argument for defeating a claim of contributory negligence. Rather, the plaintiff was contributorily negligent because he knowingly placed himself in a position of danger by hooking up the safety chain prior to any knowledge that the winch brake had been tied down. Affidavit of David C. Dubois, ¶¶ 7, 8, 10, and 11; Plaintiff's Deposition, 55:13-16.

The plaintiff's only argument that the plaintiff was not contributorily negligent is based on Aguiar Affidavit and the plaintiff's own assertion that he "did nothing negligent which caused or contributed to his injuries." *See* Plaintiff's Cross Motion for Partial Summary Judgment, p. 6, *citing* Aguiar Affidavit, ¶14. This statement made by the plaintiff in his Affidavit is directly contradictory to the testimony he gave during his deposition when he acknowledged that he knew, based on his experience, that he was putting himself in a position of danger when tying off a door prior to knowing that the winch brake was tightened down. Plaintiff's Deposition, 55:13-16. Furthermore, the plaintiff's claim that he was not negligent is contradicted by the statements in the Affidavit of David C. DuBois, in which Mr. DuBois states that Aguiar was, "at a minimum, contributorily negligent in causing his own injury." Affidavit of David C. Dubois, ¶11. As such, there are genuine issues of material fact created by the Aguiar Affidavit, the plaintiff's conflicting statements addressing his negligence and involvement in his injury on October 4, 2003, and the Affidavit of David C. DuBois.

## **CONCLUSION**

The defendant has provided evidence that there are genuine issues of material fact on the defendant's claim that the plaintiff was contributorily negligent in causing the injury to his finger. Furthermore, the defendant offers the statements in the Aguiar Affidavit and the Affidavit of David C. DuBois as evidence that there are genuine issues of material fact regarding the plaintiff's injury and the plaintiff's contributory negligence.

WHEREFORE, the defendant respectfully requests that this Court, pursuant to Federal Rule of Civil Procedure 56, deny the plaintiff's cross motion for partial summary judgment on the issue of contributory negligence on the grounds that there are genuine issues of material fact that the plaintiff contributed to his injuries.

For the Defendant,
Lima & Cura Fishing Corporation
By its attorneys,

**REGAN & KIELY LLP**

/s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
85 Devonshire Street
Boston, MA 02109
(617)723-0901
jar@regankiely.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed a true copy of the above document with the Clerk of the Court, which system will send notification of this filing to all counsel of record.

      /s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109
(617)723-0901

Date:   February 22, 2006