UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, )<br>      Plaintiff  ) <br> ) <br> v.  ) <br> ) <br> LIMA & CURA FISHING  ) <br> CORPORATION,  ) <br>       Defendant  ) | |

**DEFENDANT LIMA & CURA FISHING CORPORATION'S RESPONSE TO THE PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Now comes the defendant in the above-captioned matter, Lima & Cura Fishing Corporation (the "defendant"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submits the following Response to the Plaintiff's Statement of Undisputed Material Facts.

**I.**  **Defendant's Response To Plaintiff's Statement Of Material Facts To Which There Is A Genuine Issue To Be Tried**

1. Denied. Whether the movement of the door on the vessel resulting in the plaintiff's injury on October 4, 2003 was caused by:

   (a) the negligence of the winch operator, Joe Lima ("Lima"), in failing to tighten down the winch brake, and/or negligently operating the winch controls;

   (b) the defective and unseaworthy port side winch and/or winch brake; or

   (c) the mud on the net and on the door, which caused the door to be weighed down.

**II.**  **Defendant's Response To Plaintiff's Statement Of Material Facts To Which There Is No Genuine Issue To Be Tried**

1

1.  Denied.  The defendant contests the statements set forth in paragraph 1.  The plaintiff does indeed testify that the "tow winch hauled in and then let out wire," but this is disputed by the witnesses, Joao Cura ("Cura") and Lima.  *See* Lima Deposition, 46:2-10.  Lima testified that the door could not and did not go up, therefore, rebutting the contention that the wire was hauled in and let out.  Lima Deposition, 59:13-60:2.  In his deposition, Lima testified that the brake was on, tightened and working properly.  *Id.*  Therefore, the wire for the tow winch could not have been "let out."  *See also* Cura Deposition, 17:9-19:8.  Cura testified that he saw the door come out of the water, saw it stop, and that at the time of the accident the door was going down slowly approximately a foot but not down to the water.  Cura Deposition, 23:10-24:2.  Cura testified that he never saw the door go up and that the heavy weight on the net would cause the door to go down slowly, again rebutting that the tow wire was actually let in or let out.  In his Recorded Interview, Carlos Aguiar ("Aguiar") describes the door slipping down to the water, but never mentions the door coming up first.  *See* Plaintiff's Recorded Interview, pgs. 2-3.  Aguiar mentions this four times, which tends to rebut his own factual assertion that the wire was hauled in and then let out.  Plaintiff's Deposition, 63:1-19.  Aguiar testified that the door could move down if the net were to get hung up on rocks under the water and, furthermore, that he did not actually see Lima put the brake on or tighten it down.  Aguiar also testified that he had his back turned to Lima and could not see anything that Lima did, or did not do.  Plaintiff's Deposition, 64:10-22.  Furthermore, Aguiar acknowledged that he had no reason to believe that the winch brake did not function as it should have.  *Id.*  In short, there is no evidence that the wire was ever hauled in or let out.

       To let out the wire requires the affirmative act of reversing the direction of the winch from one way to the other and there is no evidence of that. *See* Affidavit of David C. DuBois, ¶6.

2. Admitted.

3. Admitted.

4. Denied. The defendant contests the statements set forth in paragraph 4. Lima testified that the door could not, and did not, go up, therefore, rebutting the plaintiff's contention that "the door suddenly lifted up." *See* Lima Deposition, 59:13-60:2. Furthermore, Cura testified that he never saw the door go up. Cura Deposition, 23:10-12. Cura described the rolling of the vessel as a cause for the door to drop down, coupled with the heavy weight of the net. Cura Deposition, 23:10-24:20

5. Denied. The defendant contests the statements set forth in paragraph 5. The occurrence of the safety chain pulling tight when the door dropped down, causing the plaintiff's finger to be crushed by the hook, is a common occurrence on a fishing vessel when a crew member's hands are in the wrong place, as are the facts here involving the plaintiff. It was the placement of the plaintiff's hands that caused the plaintiff's finger to be crushed. *See* Affidavit of David C. DuBois, ¶7.

6. Admitted. However, the plaintiff's act of going in to hook up the safety chain without first observing what Lima had done constitutes contributory negligence on the part of the plaintiff. *See* Affidavit of David C. Dubois, ¶¶7, 8, 10, and 11.

7. Admitted.

8. Denied. The defendant contests the statements set forth in paragraph 8d. The plaintiff's

act of going in to hook up the safety chain without first observing what Lima had done constitutes contributory negligence on the part of the plaintiff. *See* Affidavit of David C. Dubois, ¶¶7, 8, 10, and 11.

9. Admitted.

10. Admitted.

11. The plaintiff fails to include a paragraph 11 in his Statement of Undisputed Material Facts.

12. Denied. The defendant contests the statements set forth in paragraph 12. In his deposition, Cura testified that the vessel's net had been stuck just prior to the time of the plaintiff's accident. Cura Deposition, 28:22-29:14. Prior to the accident, the vessel had the net dragging in the water, the boat stopped because the net was stuck on the bottom, and the crew then brought the net up. Cura Deposition, 28:22-29:14.

13. Denied. The defendant contests the statements set forth in paragraph 13. Mud and extra weight from rocks or other matter, or just a catch itself, can add an additional several hundred to thousands of pounds or more, and is equivalent to being hung up on the bottom. Affidavit of David C. DuBois, ¶9.

14. Denied. The defendant contests the statements set forth in paragraph 14. The plaintiff did not follow all of the proper hook-up procedures customarily used within the ground fishing industry because: (a) Aguiar had his back turned to Lima and could not see anything that Lima was doing with the winch brake; (b) the placement of the plaintiff's hands caused the plaintiff's finger to be crushed; and (c) the plaintiff's act of going in to hook up the safety chain without first observing what Lima had done constitutes

contributory negligence on the part of the plaintiff. *See* Plaintiff's Deposition, 64:11-16; Affidavit of David C. DuBois, ¶¶7, 8, 10, and 11.

15. Admitted.

16. The defendant does admit that portion of the statements set forth in paragraph 16 that the reasonable inference is that the brake was functioning properly, which is enough to grant summary judgment in favor of the defendant on the unseaworthiness claim.

17. Denied. The defendant contests the statements set forth in paragraph 17. The rolling of the boat can cause the door to bob up and down, as well as swing away from the side of the vessel, causing tension on any connecting safety chain. Affidavit of David C. DuBois, ¶8. The rolling of the boat may also caused movement of the boat and the door as a unit, which may appear as if the door itself is moving. *Id.*

18. Denied. The defendant contests the statements set forth in paragraph 18. Lima testified that the door could not, and did not, go up, therefore, rebutting the plaintiff's contention that "the door suddenly lifted up." Lima Deposition, 59:13-60:2. Cura also testified that he never saw the door go up. Cura Deposition, 23:10-12. Cura described the rolling of the vessel as a cause for the door to drop down, coupled with the heavy weight of the net. Cura Deposition, 23:10-24:20. Furthermore, Aguiar testified that he had his back turned to Lima and could not see anything that Lima did, or did not do. Plaintiff's Deposition, 64:10-22. It was the plaintiff who did not follow the proper hook-up procedures customarily used within the ground fishing industry because: (a) the plaintiff had his back turned to Lima and could not see anything that Lima was doing with the winch brake; (b) the placement of the plaintiff's hands caused the plaintiff's finger to be

crushed; and (c) the plaintiff's act of going in to hook up the safety chain without first observing what Lima had done constitutes contributory negligence on the part of the plaintiff. *See* Plaintiff's Deposition, 64:11-16; Affidavit of David C. DuBois, ¶¶7, 8, 10, and 11.

19. Admitted, however, it is not safe for the hook-up man to go in and attempt to hook up the door without first ascertaining what the winch operator is, or is not, doing. The plaintiff's act of going in to hook up the safety chain without first observing what Lima had done constitutes contributory negligence on the part of the plaintiff. *See* Affidavit of David C. Dubois, ¶¶7, 8, 10, and 11.

20. Denied. The defendant contests the statements set forth in paragraph 20. See the defendant's Answers to Interrogatories Propounded by the Plaintiff, Number 13 (attached as "Exhibit B" to the Plaintiff's Cross Motion for Partial Summary Judgment).

21. Admitted.

22. Admitted.

23. Denied. The defendant contests the statements set forth in paragraph 21 because the plaintiff wrongly states that the defendant has been unable to identify a basis of its claim that the plaintiff was contributorily negligent. Rather, the defendant asserts, as outlined in the Defendant's Opposition to the Plaintiff's Cross Motion for Partial Summary Judgment, that the plaintiff was contributorily negligent for putting the safety chain on the door without any knowledge as to whether or not Joe Lima tightened the brake. *See* Defendant's Opposition to the Plaintiff's Cross Motion for Partial Summary Judgment; Plaintiff's Deposition, 53:20-22; 54:5-9.

> For the Defendant,
> Lima & Cura Fishing Corporation
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
>
> /s/ Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-0901
> jar@regankiely.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true copy of the above document with the Clerk of the Court, which system will send notification of this filing to all counsel of record.

> /s/ Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> Regan & Kiely LLP
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-0901

Date:   February 22, 2006