UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR,                )
        Plaintiff           )
                                 )
v.                               )
                                 )
LIMA & CURA FISHING              )
CORPORATION,                     )
        Defendant           )

## AFFIDAVIT OF DAVID C. DUBOIS

I, David C. DuBois, do hereby under oath depose and say as follows:

1. My name is David C. DuBois. I am a principle in the firm of Marine Safety Consultants, Inc., 25 Water Street, Fairhaven, MA 02719 and have been from 1980 until the present.

2. Prior to that, I was a member of the United States Coast Guard from approximately June of 1969 until May of 1980 and have served in various capacities, including, but not limited to, as a Marine Inspector and Investigator for the U.S. Coast Guard Marine Safety Offices in both Norfolk, VA and Providence, RI. In that capacity, I performed numerous field inspection of all types of vessels, including commercial fishing vessels, during which I evaluated safety equipment, manning levels and operational procedures.

3. As a senior investigating officer, I coordinated the efforts of approximately 15 investigators and personally conducted numerous investigations of marine casualties relating to personal injuries, loss of life, collisions, groundings, equipment failures, etc.

4. From 1980 to the present, I have been employed as a marine surveyor and casualty investigator for Marine Safety Consultants, Inc. In the last 25 years, I have conducted numerous casualty investigation reports for various clients, including the owners of commercial fishing vessels. The investigations commonly included the investigations of personal injuries suffered by members of the crew of a commercial fishing vessel.

5. I am familiar with the facts surrounding the injury to Mr. Carlos Aguiar. My office investigated Mr. Aguiar's injury, including the taking of a recorded interview from him. I have also reviewed the Plaintiff's Statement of Undisputed Material Facts, submitted in support of the Plaintiff's Motion for Summary Judgment on the issue of contributory negligence and I have also reviewed the affidavit of Carlos Aguiar, and the deposition transcripts of Carlos Aguiar, Joe Lima, Joao Cura and Jose Abreu.

6. Based upon my review of the testimony, other than Mr. Aguiar's opinion, there is no evidence of any fact that the tow wires were "let out." That would require the affirmative act of reversing the direction of the winch from one direction to the other, which is specifically denied by the winch operator and not observed by any other witness.

7. The position of the door relative to the gallus frame and the vessel itself and the sea presents a dynamic situation. Even if everything is secured and set, there still could be movement to the door due to the boat rolling and pitching which in turn will create a strain on any safety chain. An experienced fisherman, such as Mr. Aguiar, is or should be aware of that and he has to make sure that everything is secure before attempting to hook up the safety chain. Even then an experienced hook up man must be very careful where he places his hands so as not to put them in a position of ultimate danger.

8. The rolling of the boat can cause the door to bob up and down as well as swing away from the side of the vessel causing tension on any connecting safety chain. It also may cause movement of the vessel, and the door as a unit, which may appear as if the door itself is moving. This is a common occurrence and a common risk to the hook up man in a commercial fishing operation. Because of that, the hook up man has to be very careful for his own safety prior to putting his hand into a position of danger.

9. Mud and extra weight from rocks or ~~whale carcasses~~ *other matter* or just a catch itself, can add an additional several hundred to thousands of pounds or more and is the equivalent of being hung up on the bottom. The towing mechanism wouldn't know the difference between the additional weight or being hung up on the bottom. This often creates a situation where the winch may pull a load beyond what it's designed for by the brake.

10. Mr. Aguiar should not have gone in to hook up the door without first making sure that everything was secure and as such, he either is directly responsible for causing his own injury or, at the least, is contributorily negligent.

11. Based upon my investigation into the facts and circumstances of this case, my review of all the testimony in this case, as well as relying on my training, education, background and experience, I am of the opinion that Carlos Aguiar was, at a minimum, contributorily negligence in causing his own injury, specifically, but not limited to, going in and attempting to hook up the safety chain without first ascertaining what the operator of the winch had or hadn't done and without first ascertaining whether the brake was firmly engaged and the equipment had stopped moving.

12. I am also of the opinion that it is more likely than not that any movement of the door was caused by a combination of the boat rolling due to wind and sea conditions, as well as the

fact of a heavier than normal catch while the net was still in the water.

13. It is my opinion that the brake was ~~seaworthy and was~~ functioning properly at the time inasmuch as the testimony reveals that there were no complaints about any problems with the brake before and there were no repairs done to the brake nor needed at any time thereafter. The fishing voyage continued for approximately another 8 days and the winch remained operational. Additionally, Mr. Aguiar admits that there is nothing wrong with the brake itself.

14. Based upon my review of all of the testimony in the case, supporting documents and taking into account my training, experience and background in investigating marine casualties, I am of the opinion that this vessel was seaworthy, particularly as to the operation of the winch and its brake and that the defendant was not negligent in any manner.

Signed under the pains and penalties of perjury this 22nd day of February, 2006.

_____
David C. DuBois