UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, )  | |
|     Plaintiff    ) | |
| ) | |
| v.                 ) | |
| ) | |
| LIMA & CURA FISHING  ) | |
| CORPORATION,        ) | |
|     Defendant    ) | |

**DEFENDANT LIMA & CURA FISHING CORPORATION'S
MOTION TO STRIKE
<u>PORTIONS OF THE PLAINTIFF'S "EXHIBIT A," AFFIDAVIT OF CARLOS AGUIAR</u>**

Now comes the defendant Lima & Cura Fishing Corporation (the "defendant") and hereby moves that this Court strike portions of the plaintiff's Affidavit of Carlos Aguiar (attached as "Exhibit A" to the plaintiff's Opposition to the Defendant's Motion for Summary Judgment, the plaintiff's Cross Motion for Partial Summary Judgment, and the plaintiff's Statement of Undisputed Material Facts). The defendant seeks to strike paragraphs 1-5, 7-15, and 17-18 of the Affidavit of Carlos Aguiar ("Aguiar Affidavit"). As the grounds for this Motion to Strike Portions of the Plaintiff's "Exhibit A," the defendant states the following:

Paragraphs 1-5, 7-15, and 17-18 of the Aguiar Affidavit, prepared by the plaintiff and attached in support of the plaintiff's Opposition to the Defendant's Motion for Summary Judgment, the plaintiff's Cross Motion for Partial Summary Judgment, and serving as the basis for the plaintiff's Statement of Undisputed Material Facts, lack any and all foundation, are self-serving, and contradict the plaintiff's previous testimony.

In the Aguiar Affidavit, Carlos Aguiar, the plaintiff, states that he was facing away from

Joe Lima ("Lima") at the time of his accident and that he did not see whether or not Lima tightened the winch brake, or whether Lima moved the hydraulic controls. *See* Aguiar Affidavit, ¶6. However, in paragraphs 16 and 18 of the Aguiar Affidavit, Carlos Aguiar states that "[b]ased upon [his] experience and expertise, it is [his] opinion that Mr. Lima failed to properly tighten the winch brake." *See* Aguiar Affidavit, ¶¶ 16, 18. The plaintiff, however, admittedly did not arrive at this conclusion after seeing Lima fail to tighten down the brake. Aguiar Affidavit, ¶6; Plaintiff's Deposition (attached as **Exhibit A** to the defendant's original Motion for Summary Judgment), 63:17-22 (the plaintiff states that he did not see Lima tightening down the brake and that he was not an eye-witness to Lima operating the brake). As acknowledged in paragraph 6 of his affidavit, Carlos Aguiar has no basis for making such statements and lacks any foundation for arriving at these conclusions in paragraphs 16 and 18 in his affidavit because he admittedly did not see what Lima did, or did not, do to the winch brake at the time of the accident.

  The Aguiar Affidavit was prepared by the plaintiff and in his role as a "disinterested" expert, the plaintiff failed to acknowledge all sides of the facts at bar in the preparation of his affidavit. Most notably, the plaintiff disregarded the deposition transcript of Lima, in which Lima stated that he was not operating the brake at the time of the accident. Rather, Lima testified that he had one hand on the brake and one hand on the control "ready to act." *See* Lima Deposition, 50:19-51:4.

  Furthermore, the plaintiff's opinions in the Aguiar Affidavit directly contradict his own statements that the plaintiff made in the Plaintiff's Recorded Interview and in his deposition regarding Lima's negligence and should be struck by this Court. In his Recorded Interview, the

plaintiff stated that Lima, "the guy [who was running] on the winch, that [the door dropping down] was not his fault." Recorded Interview of Carlos Aguiar (hereinafter "Plaintiff's Recorded Interview," attached as **Exhibit B** to the defendant's original Motion for Summary Judgment), p. 3. Additionally, the plaintiff's statements in the Aguiar Affidavit directly contradict his claim that the F/V MY WAY was unseaworthy and that the winch brake was defective. In the Aguiar Affidavit, the plaintiff states that "in [his] opinion, the brake was functioning properly because the vessel had just finished a 4-5 hour tow of the nets during which time the brake did not slip at all." Aguiar Affidavit, ¶16. This statement by the plaintiff in the Aguiar Affidavit directly disputes any and all claims of unseaworthiness in the plaintiff's Complaint and in the plaintiff's Opposition to the Defendant's Motion for Summary Judgment. The plaintiff's statements further affirm the defendant's claim that the vessel was not unseaworthy.

  Additionally, paragraphs 1-5, 7-15, and 17-18 in the Aguiar Affidavit do not rely on anything other than the plaintiff's self-serving beliefs about what caused the accident. The plaintiff's statements in the Aguiar Affidavit are admittedly not based on his eye-witnessing of any events, but rather are based on the plaintiff's self-serving conclusions as to what he believes caused the harm to his finger. In his affidavit, the plaintiff discounts all theories of liability, except for the allegation that Lima negligently operated the winch. This theory of liability, however, is unfounded and is not based on what the plaintiff saw because the plaintiff admittedly did not see what Lima did. Aguiar Affidavit, ¶6. The plaintiff even directly discounts that his injury was caused by the unseaworthiness of the vessel, which is one of the plaintiff's causes of action. Aguiar Affidavit, ¶16.

WHEREFORE, for the reasons stated above, the defendant respectfully requests that this Court strike from consideration "Exhibit A" of the plaintiff, the Affidavit of Carlos Aguiar, because the affidavit is self-serving, lacks any foundation, and directly contradicts the plaintiff's previous testimony.

> For the Defendant,
> Lima & Cura Fishing Corporation
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
> /s/ Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-0901
> jar@regankiely.com

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true copy of the above document with the Clerk of the Court, which system will send notification of this filing to all counsel of record.

> /s/ Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> Regan & Kiely LLP
> 85 Devonshire Street
> Boston, MA 02109
> (617)723-0901

Date:   February 22, 2006