UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CARLOS AGUIAR    Plaintiff | ) ) ) ) | |
| Vs. | ) ) | Civil Action No. 04-12011-MLW |
| LIMA AND CURA FISHING CORPORATION.    Defendant | ) ) ) ) ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF THE PLAINTIF'S "EXHIBIT A" AFFIDAVIT OF CARLOS AGUIAR

Now comes the Plaintiff in the above captioned matter and hereby opposes defendant Lima & Cura Fishing Corporation's Motion to Strike Portions of Plaintiff's "Exhibit A" Affidavit of Carlos Aguiar. As grounds thereof the Plaintiff states that the affidavit is in full compliance with F.R.Civ.P. 56(e), that Mr. Aguiar has a firm foundation for the statements, inferences and opinions within his affidavit and that contrary to the assertions made by the Defendant the Affidavit does not contradict any of Plaintiff's prior testimony. Plaintiff concedes that in so far as his affidavit supports his claims made as a party in his case it is "self serving". However the fact that an individual is a party with an interest in the case is no basis for excluding that party's testimony and opinions, or in the context of a Motion for Summary Judgment, his Rule 56(e) Affidavit.

I.    Background

In June of 2005 the Plaintiff served upon the Defendant his interrogatories in which he set forth how the accident occurred and his theories of liability. See, Plaintiff's Answers to

Interrogatories, #5-#6 (Attached as Ex. "C" to Defendant's Motion for Summary Judgment). The interrogatories are entirely consistent with his Affidavit. In July 2006 the Defendant took the Deposition of the Plaintiff, Carlos Aguiar. In his deposition Mr. Aguiar testified to almost every single fact and opinion set forth in his affidavit. Further there is not a single fact or opinion contained within Mr. Aguiar's deposition which is inconsistent with or contradicts his affidavit. See, Depo. of Aguiar (Attached as Ex. "A" to Def. Mot. for Summary Judgment). Of particular importance to Defendant's motion is Mr. Aguiar's deposition testimony in which he states his opinion that unless the brake was faulty or the net was hung up on the bottom that the only thing that could cause the doors to move up and then immediately down was the winch operator's failure to secure the brake and the operator moving the controls. Depo of Aguiar, pp. 61-64, 91-94. In November Plaintiff served upon the Defendant Plaintiff's Expert Disclosure identifying Mr. Aguiar as an expert witness in this case on the issue of liability. Defendant has not challenged Mr. Aguiar's expert qualifications.

II.     Argument

Defendant has moved to strike portions of Plaintiff Carlos Aguiar's Affidavit on the basis that it 1) lacks foundation 2) is self serving and 3) contradicts plaintiff's previous testimony. Although not explicitly stated, Defendant also seems to argue that portions of Aguiar's Affidavit should be stricken because it "affirms the defendant's claim that the vessel was not unseaworthy" Def. Mot. to Strike, P. 3. Plaintiff will address each argument individually below.

   1.     Foundation

With respect to foundation, the Plaintiff was present at the accident and has personal knowledge of the facts and circumstances. With respect to his qualifications as an expert witness, Mr. Aguiar has worked on these types of commercial fishing vessel for more than ten

years, had worked on Defendants vessel for two years, has performed the haul back operation thousands of times and is familiar with and has operated the port winch in question.  <u>Affidavit of Aguiar</u>, P. 2, Para. 7; <u>Depo. of Aguiar</u>, pp. 41, 47, 61.   Simply stated, Mr. Aguiar is qualified under rule 702 to offer expert opinions regarding the operation of the fishing equipment on Defendant's vessel in general and the winch in question, in particular.

In its <u>Motion</u> the Defendant challenges Mr. Aguiar's opinion/statement that the winch operator, Mr. Lima, must have failed to properly tighten down the brake and must have moved the controls.   Defendant challenges this opinion/statement on the basis that since Mr. Aguiar had his back to Lima, that Aguiar did not actually see him operate the controls at the time of his accident.  In so arguing the Defendant simply ignores indirect and inferential evidence as well as expert opinion evidence.    In both his affidavit and his deposition Mr. Aguiar clearly sets forth the basis of his opinion that the winch operator, Mr. Lima, failed to properly tighten down the winch and his opinion that Lima moved the controls at the time of Plaintiff's accident.  Specifically, Aguiar states that unless the net is hung up on the bottom or the brake is defective, the door simply cannot move if the brake is properly tightened down.  <u>Affidavit of Aguiar</u>, P. 4-5, Para. 11-12;  <u>See also</u>, <u>Depo. of Aguiar</u>, 61-64, 92-94.  Given that the net was not hung up on the bottom and given that the brake was functioning properly both before and after the accident, there is a sound factual basis for the inference/opinion that the brake in fact was not properly tightened down.  <u>Affidavit of Aguiar</u>, P. 5-6, Para. 12-16.  Further, given that at the time of the accident the door first lifted up and then immediately dropped down, and further given that the only thing that can cause this to occur is the tow winch hauling in wire, there is a firm factual foundation for Aguiar's opinion that Mr. Lima actually moved the controls.  <u>Affidavit of Aguiar</u>, P. 2, 6, Para. 4, 17-18; <u>See also</u>, <u>Depo. of Aguiar</u>, 61-64, 92-94.  This inference/opinion is further

supported the fact that Mr. Lima testified that he had his hands on the controls and by Mr. Lima's statement immediately after that accident that he was "sorry". Depo of Lima, P. 50; Depo. of Aguiar, P. 57.

As indicated in a previous pleading, this case is analogous to a situation in which a car stops to allow a pedestrian to cross the street and then while the pedestrian is in the cross walk, the car accelerates forward and strikes the pedestrian. Although no one actually saw the driver's feet touch the pedals, to anyone familiar with the operation of cars, it is a reasonable inference/opinion that the driver of the vehicle took his foot off the brake and stepped on the gas. In this case, although Mr. Aguiar did not actually see Mr. Lima's hands move the winch controls, Mr. Aguiar has established through his deposition and affidavit that the door simply could not have moved if the brake was functioning properly and if Mr. Lima had properly tightened it. Since Aguiar reasonably believes the winch was functioning properly, there is a firm foundation for the inference and opinion that Mr. Lima had not tightened the brake on the winch. Similarly, since the door lifted up and then dropped down, and since this can only occur when the winch controls are operated, there is a firm foundation for the inference and opinion that Mr. Lima in fact moved the winch controls.

    2.    Defendant's Claim that the Affidavit is Self Serving

In its motion Defendant argues that portions of the Affidavit of Carlos Aguiar should be stricken on the basis that the affidavit is "self serving". Def. Motion to Strike, P. 1. The law in this circuit is clear. "[A] "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) citing Cadle Co. v. Hayes, 116 F.3d 957, 961 n.5 (1st Cir. 1997). As indicated above,

4

Plaintiff's Affidavit is based upon first hand knowledge and his expertise with the fishing equipment involved. The fact that Aguiar's Affidavit is self-serving is not a legal basis to strike it.

    3.    <u>Defendant's Claim that Affidavit Contradict Deposition Testimony</u>

Defendant argues that the <u>Affidavit of Aguiar</u> should be stricken because it "contradict[s] the plaintiff's previous testimony" specifically statements made "in his deposition regarding Lima's negligence", <u>Def. Motion to Strike</u>, pp. 1-2. As a factual matter this is simply not true. Despite these allegations, in their entire motion the Defendant is unable to identify a single line of deposition testimony which is in any way inconsistent with Mr. Aguiar's <u>Affidavit</u>. To the contrary, Mr. Aguiar's deposition testimony is entirely consistent with his Affidavit.

The only inconsistency specifically raised by the Defendant is a single statement in an unsworn recorded statement[1], specifically "the guy on the winch, that was not his fault". This issue was raised and addressed in the Plaintiff's Deposition. Mr. Aguiar testified as follows:

> Q.    Well, my only question is, do you recall telling Mr. DuBois that it wasn't his fault, Mr. Lima's fault?
>
> A.    Well, at the beginning when that happens, when he asked me, I thought that wasn't his fault because the guy was my friend. He didn't did (sic) it on purpose.

<u>Depo of Aguiar</u>, P. 69, 114-19.

While may be a basis of cross-examining Mr. Aguiar, this somewhat ambiguous interview comment from an individual who barely speaks English does not serve as a basis for excluding

---

[1] By separate motion the Plaintiff has moved to strike the "Recorded Interview of Carlos Aguiar" (Def. Ex. "B" to Motion for Summary Judgment) on the basis that the tape was never produce, that it is not verified or authenticated, contains hearsay and does not comply with Rule 56(e). Since that time the Defendant has produce a copy of the tape which is inconsistent with the alleged transcript. Neither the tape nor transcript have been authenticated or verified and should not form a basis for the Court's decision on Defendant's Motion for Summary Judgment.

almost all of his testimony, particularly where he has in his deposition testified to a reasonable explanation.

4. <u>Defendant's Argument that the Aguiar Affidavit should be Stricken Because it Tends to Support the Defendant</u>.

In its motion Defendant appears to argue that the <u>Affidavit of Aguiar</u> should be stricken because "[t]he plaintiff's statements further affirm the defendant's claim that the vessel was not unseaworthy." <u>Def. Mot. to Strike</u>, P. 3. The fact that one party's affidavit tends to support the opposing party's defense on an issue is not a basis to strike the affidavit.

Plaintiff's alternative theory of unseaworthiness is based largely upon the testimony of the winch operator, Mr. Lima, who claims that he properly tightened the winch and although he had his hands on the controls at the time of the accident he claims he never moved the winch controls. Rather Mr. Lima claims that the door moved spontaneously. Although Mr. Aguiar does not believe this to be true[2], if the jury were to credit Mr. Lima's testimony there would be sufficient evidence in this case to support Plaintiff's alternative theory of unseaworthiness based upon the failure of the winch under normal and expected conditions. <u>See</u>, <u>Hubbard vs. Faros Fisheries, Inc.</u>, 626 F.2d 196, 199 (1st Cir. 1980).

II. <u>Conclusion</u>

The <u>Affidavit of Carlos Aguiar</u> rests upon sound factual foundations of personal knowledge and expertise with the equipment involved. Plaintiff's <u>Affidavit</u> does not contradict any of his prior testimony, rather it is entirely consistent with his prior deposition and

---

[2] "I don't think that's from the brake. I think it was somebody had to touch in the winch. I think that was the operator, but I ain't going to blame Joe Lima for that. That's the only reason I see how the accident happened….I think he messed up with the winch…that's not an assumption. That's what I think. In my knowledge that's the only way it could happen." <u>Depo of Aguiar</u> P. 94

6

interrogatory answers. The fact that it is self-serving or tends to support one of Defendants assertions are completely irrelevant for the purposes of determining whether to the affidavit should be stricken.

    WHEREFORE, the Plaintiff respectfully requests that Defendant's <u>Motion to Strike Portions of Plaintiff's "Exhibit A" Affidavit of Carlos Aguiar</u> be denied.

                                  Respectfully Submitted on
                                  behalf of the Plaintiff Carlos Aguiar,
                                  by his attorney,

                                  /s/ David F. Anderson, Esq.
                                  David F. Anderson
                                  Latti & Anderson LLP
                                  30-31 Union Wharf
                                  Boston, MA 02109
                                  (617) 523-1000

                              CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                  /s/ David F. Anderson, Esq.
                                  David F. Anderson, Esq.
                                  Latti & Anderson LLP
                                  30-31 Union Wharf
                                  Boston, MA 02109
                                  617-523-1000

Dated: