UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

```
_____
                              )
CARLOS AGUIAR                 )
      Plaintiff               )
                              )     Civil Action No.  04-12011-MLW
Vs.                           )
                              )
LIMA AND CURA FISHING         )
CORPORATION.                  )
      Defendant               )
_____)
```

PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVIT OF DAVID C. DuBOIS

Now comes the Plaintiff in the above captioned matter and pursuant to F.R.Civ.P. 26 and F.R.E. 702 respectfully request that this Honorable Court strike from consideration the Affidavit of David C. DuBois. As grounds thereof the Plaintiff states that Mr. DuBois is a "retained expert" witness and the Defendant has never produced a report from Mr. Dubois as is required by F.R.Civ.P. 26(a)(2). Plaintiff objects and moves to strike the Affidavit of David C. DuBois on the grounds that Mr. DuBois, is not qualified by education, training and/or experience as an expert on commercial fishing operations, the duties and responsibilities of commercial fishermen, or the operation of the fishing gear on a commercial fishing vessel. Plaintiff further objects and moves to strike the Affidavit of David C. DuBois on the basis of F.R.E. 702 (Daubert) as Mr. Dubois lacks a factual or scientific basis for his opinions and therefore they are unreliable. Plaintiff further relies upon the below memorandum.

I.   BACKGROUND

In the parties Pre-Trial Statement filed on November 23, 2005, the Defendant named David C. DuBois as a potential expert witness in this case. On that same date Defendant served

upon Plaintiff an attorney written expert disclosure identifying Mr. DuBois as a potential expert witness. At no point has the Defendant ever served upon the Plaintiff a Rule 26 expert report signed by Mr. DuBois. In response to Plaintiff's cross-motion for summary judgment on the issue of contributory negligence the Defendant filed the Affidavit of David C. DuBois.

II.     Argument

   1.   Failure to Comply with F.R.Civ.P. 26(a)(2)(B)

Pursuant to F.R.Civ.P. 26(a)(2) a retained expert, such as Mr. DuBois, is required to produce a signed report containing a his all opinions and the basis thereof as well as a list of qualifications, publications and cases in which the expert has testified. The failure to disclose a report meeting the requirements of Rule 26(a)(2)(B) may preclude the expert from testifying. Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13-14 (1st Cir. 2005). Such sanctions are automatic and mandatory unless the party failing to disclose can show the failure was justified or harmless. Coastal Fules of Puerto Rico v. Cribbean Petroleum Corp. 79 F.3d 182 (1st Cir. 1996). Given that the Defendant has not even attempted to comply with Rule 26(a)(2)(B), expert opinions from Mr. DuBois are not presently admissible. As such they should be used by the Defendant either offensively in support of Defendants Motion for Summary Judgment or defensively in support of Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment. See, Ruffin v. Shaw Indus., Inc. 149 F.3d 294 (4th Cir. 1998). Accordingly, the Affidavit of David C. DuBois should be stricken.

   2.   Lack of Qualifications.

Mr. DuBois is a Marine Surveyor, consultant and P & I investigator who for the past 26 years has conducted "numerous P & I investigations involving seaman's injuries liability claims [who has] negotiated and secured settlements on all types of cases". Resume of DuBois

(Attached hereto as Ex. "A")[1] Mr. DuBois' firm was retained soon after the accident to investigate and adjust Plaintiff's claim. Mr. Dubois has testified in numerous cases and has previously been found not qualified to testify as an expert witness. Lisa v. Fournier Marine Corp., 866 F.2d 530 (1st Cir. 1989). Mr. DuBois has never been employed upon commercial fishing vessel and in fact has never been on a commercial fishing vessel during fishing operations in his life. Nor has Mr. DuBois ever receive specialized education in commercial fishing vessel operations. Simply stated Mr. DuBois field of expertise is within investigating and adjusting maritime personal injury claims. However, he has no actual experience, education or training in commercial fishing in general or ground fish trawling in particular. Plaintiff's counsel has spent the past 13 years investigating, litigating and trying cases involving injuries within the commercial fishing industry and has learned a lot in the process. While Plaintiff's counsel may have expertise as a maritime attorney, that does not make him qualified to testify as a Rule 702 "expert witness" in the field of commercial fishing.

Mr. DuBois lack of qualifications are particularly relevant in this case because he did not inspect the winch or the vessel, did not perform any tests, did not consult any manufacturer manuals or specifications and did not perform any scientific tests or engineering calculations. Based upon his Affidavit it appears that all of his opinions are based upon his "experience" and yet he has never been on a commercial fishing vessel during fishing operations in his entire life. All of the alleged "experience" comes from preparing "casualty investigation reports for various marine insurance companies, law firms and vessel owners." Resume of DuBois. Although Mr. DuBois is certainly experienced, he has no experience in the area of his proposed expert testimony, which is commercial fishing vessel operations.

---

[1] Mr. Dubois' resume was acquired by Plaintiff's counsel from another case.

3

3.     Lack of Reliability and Foundation.

As noted above, Mr. Dubois did not provide a Rule 26 report, however based upon his Affidavit it appears that he did not perform a single test, inspection or calculation when forming his opinions. Nor does it appear that Mr. DuBois consulted any manufacturer specifications for the winch and/or brake or consult with any other authoritative text. Given that Mr. DuBois has never been on a commercial fishing vessel during fishing operations in his life he cannot rely upon his own personal experience.

In paragraph 8 of his Affidavit, Mr. Dubois states that "the rolling of the boat can cause the door to bob up and down …causing tension on any connecting safety chain." And "This is a common occurrence and a common risk to the hook up man in a commercial fishing operation". These statements are simply not accurate and Mr. Dubois has failed established any reliable basis for this opinion. As noted above, Mr. Dubois has no first hand experience on commercial fishing vessels.

Mr. DuBois has failed to establish any reliable basis for the opinions set forth in paragraph of his Affidavit. He has performed no tests, has not consulted any documentation concerning the holding power of the brake or the pulling power of the winch. Nor has he calculated the force upon the winch when the gear is hung up on the bottom. Again Mr. Dubois cannot rely upon his first hand experience commercial fishing, because he has none.

In paragraph 11 Mr. DuBois offers an opinion regarding the job responsibilities of a deckhand without any first hand experience on that type of boat or even within the commercial fishing industry. There is simply no reliable basis for this opinion. Further Mr. DuBois states the opinion that the Plaintiff's negligence in failing to ascertain whether the brake was firmly

4

engaged was a cause of Plaintiff's accident. Yet in paragraph 12, Mr. DuBois states that the movement of the door was caused by the boat rolling and the weight of the catch. Accepting for the moment that the Plaintiff had a duty to check the brake (which is denied) the failure to insure the brake was secure was only a contributory cause of Plaintiff's accident if the brake was in fact not tightened down. Simply stated the opinion as to causation in paragraph 11 is inconsistent with the opinion as to causation in paragraph 12.

There is no reliable basis for the opinion stated in paragraph 12 of the Affidavit. Mr. DuBois has failed to provide any scientific calculations or basis for his opinion and he has no first hand experience to fall back on. Further all parties agree that the weather was calm and there is no evidence the boat was rolling. See, Defendant's Answers to Interrogatories, P. 2, Ans. #3 (Attached to Plaintiff's Cross Motion as Ex. "B"). Finally, there is no evidence "of a heavier than normal catch".

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court Strike the Affidavit of David C. DuBois

> Respectfully Submitted on
> behalf of the Plaintiff Carlos Aguiar,
> by his attorney,
>
>
> /s/ David F. Anderson, Esq.
> David F. Anderson
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000

Dated:  3/9/06

5

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                          /s/ David F. Anderson, Esq.
                                          David F. Anderson, Esq.
                                          Latti & Anderson LLP
                                          30-31 Union Wharf
                                          Boston, MA 02109
                                          617-523-1000

Dated: 3/9/06