UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR,                       ) | |
| Plaintiff            ) | |
|                                                       ) | |
| v.                                               ) | |
|                                                       ) | |
| LIMA & CURA FISHING         ) | |
| CORPORATION,                          ) | |
| Defendant         ) | |

**DEFENDANT LIMA & CURA FISHING CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS REPLY TO THE PLAINTIFF'S OPPOSITION TO THE <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Now comes the defendant, Lima & Cura Fishing Corporation (the "defendant" or "Lima & Cura") and submits the following memorandum of law in support of its reply to the plaintiff's opposition to the defendant's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Carlos A. Aguiar ("Aguiar" or the "plaintiff") has failed to allege that there are any genuine issues of material fact, and, furthermore, the plaintiff has failed to allege any facts at all which would allow him to recover under the theories of Jones Act negligence, unseaworthiness, or maintenance and cure.  Within this memorandum, the defendant makes reference to the Plaintiff's Deposition (attached as **Exhibit A** to the defendant's original Motion for Summary Judgment), Recorded Interview of Carlos Aguiar (hereinafter "Plaintiff's Recorded Interview," attached as **Exhibit B** to the defendant's original Motion for Summary Judgment), Joao Cura Deposition (attached as **Exhibit D** to the defendant's original Motion for Summary Judgment), and Jose Lima Deposition (attached as **Exhibit E** to the defendant's original Motion for Summary Judgment).

## ARGUMENT

In his Opposition, the plaintiff states that this case is analogous to a pedestrian crossing a crosswalk and getting struck.  This analogy is not relevant to the facts at bar because the plaintiff offers only two theories of liability as the cause of the pedestrian being injured – negligence on the part of the individual driving the vehicle or faulty/ defective equipment in the vehicle.  As such, the plaintiff does not acknowledge that there is a third possibility as to the cause of the pedestrian's injuries, and the plaintiff's injuries in the case at bar – an interceding occurrence which is neither negligence on the part of the defendant, nor faulty/ defective equipment.

Furthermore, the plaintiff does not acknowledge that the plaintiff himself testified, on two separate occasions, that the winch operator on the vessel was not negligent and that the equipment on the vessel (including the port side winch and brake) was working properly at the time of his injury.  Plaintiff's Recorded Interview, p. 3 (the "guy . . . on the winch, that was not his fault"); Plaintiff's Recorded Interview, p. 6 ("[t]he equipment was working properly all the time"); Plaintiff's Deposition, 47:10-13.  In addition, in the Affidavit of Carlos Aguiar ("Aguiar Affidavit"), the plaintiff states that "in [his] opinion, the brake was functioning properly because the vessel had just finished a 4-5 hour town of the nets during which time the brake did not slip at all."  Aguiar Affidavit (attached as "Exhibit A" to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment, the Plaintiff's Cross Motion for Partial Summary Judgment, and the Plaintiff's Statement of Undisputed Material Facts), ¶16.  The plaintiff relies on the Aguiar Affidavit in the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment, however, the plaintiff fails to acknowledge that portion of the affidavit in which he specifically states that the defendant's vessel was not unseaworthy and that the brake was "functioning

properly" at the time of the plaintiff's accident. *Id.*

As stated in the Defendant Lima & Cura Fishing Corporation's Motion for Summary Judgment, the door which dropped down into the water may have been caused to drop on the plaintiff's finger because it was heavy with the weight of the equipment, the net, mud on the net, and the catch. This excessive weight pulling on the door and causing it to move down is the only theory supported by direct evidence, including Jose Lima's statement that there was mud on the door at the time of the accident. Jose Lima Deposition, 40:11-14.

Although the plaintiff suggests only two theories as to what may have caused the door to fall down – negligence on the part of the winch operator or unseaworthy equipment – these theories remain unsupported by any evidence and have been contradicted on several occasions by the plaintiff's own testimony and the Aguiar Affidavit.

A.     **The Plaintiff's Argument That The Winch Operator Was Negligent Is Not Supported By Any Evidence.**

The statements made by the plaintiff in his Affidavit are "reasonable inferences" on the part of the plaintiff and are not based on the plaintiff's observations because he admittedly did not see the winch operator, Jose Lima ("Lima"), tighten down the brake. The plaintiff states that he did not see Lima tie down the brake before the plaintiff went to secure the chain on the port side door. Plaintiff's Deposition, 53:20-54:9; Aguiar Affidavit, ¶6. Furthermore, the plaintiff did not hear Lima signal to the plaintiff that he had, in fact, tied down the brake. Plaintiff's Deposition, 54:10-13. However, the plaintiff concludes that Lima was somehow negligent in operating the winch, without ever offering any evidence, testimony, or credible expert opinion in support of this assertion.

The plaintiff's self-described "expert" statements, which serve as the basis for the Aguiar Affidavit and Opposition to the Defendant's Motion for Summary Judgment, are self-serving and contradictory to the plaintiff's previous testimony in his deposition and recorded interview. Furthermore, the plaintiff specifically states that he is inferring that "Lima failed to tighten the brake and negligently operated the controls." *See* Plaintiff's Memorandum In Support of His Opposition to Defendant's Motion for Summary Judgment, p.3. This inference comes from the plaintiff even though he admittedly did not witness Lima operate the winch or tighten off the brake, but rather comes from an unfounded assumption on the part of the plaintiff, based on his "experience and expertise." Aguiar Affidavit, ¶¶6, 16.

B. **The Plaintiff's Argument That The Vessel Was Unseaworthy Is Directly Contradicted By The Aguiar Affidavit, Is Not Supported By Any Evidence, And Conflicts With Statements Made By The Plaintiff.**

The plaintiff also fails to offer evidence supporting his theory of liability that the plaintiff was injured because the winch brake on the vessel was defective. The plaintiff's lack of evidence, however, goes beyond merely failing to have any evidence supporting his claim that the vessel was unseaworthy, as alleged in the Complaint and the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment. In the Aguiar Affidavit, the plaintiff explicitly states that "in [his] opinion, the brake was functioning properly" and that if the brake was actually faulty, "it would have slipped during a tow before it slipped during a haul back," which the brake on the F/V MY WAY did not do. Aguiar Affidavit, ¶16. These statements are in direct contradiction to the plaintiff's cause of action in his Complaint and to the statements asserted in the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment.

The plaintiff's overall conclusion that the winch brake was not fit for the purpose for which it was intended and was therefore unseaworthy is unfounded. As required by law, the plaintiff has not offered sufficient evidence that is significantly probative of this conclusion. *See* Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). Not only has the plaintiff failed to offer "sufficient evidence," the plaintiff has offered evidence that supports the defendant's claim that the vessel was seaworthy and the brake was functioning properly. Aguiar Affidavit, ¶16. The plaintiff's overall assertion that the winch brake was defective also directly contradicts the plaintiff's previous testimony. In his recorded interview, the plaintiff said that "[t]he equipment was working properly all the time" and "this [the door slipping down]... happens, once in a while, it happens." Plaintiff's Recorded Interview, p. 6. In his deposition, the plaintiff also stated that the port side winch and the brake were working properly at the time he was injured. Plaintiff's Deposition, 47:10-13.

Furthermore, contrary to the plaintiff's assertions that the winch brake was defective, John Cura ("Cura"), the captain of the vessel, testified that even if the brake was on, the door could move down because of mud in the net. Cura Deposition, 15:3-6; 14:5-7. The plaintiff offers no direct evidence that with heavy mud on the door and on the net, the winch brake is still "under proper and expected use," as required by the Hubbard case. *See* Hubbbard v. Faros Fisheries, Inc., 626 F.2d 196, 199 (1st Cir. 1980). As such, and because of the plaintiff's own statements that the brake was functioning properly, the plaintiff fails to prove that the winch brake was defective and the F/V MY WAY was unseaworthy.

## CONCLUSION

The plaintiff has been unable to offer any evidence supporting his claims that the winch

operator was negligent and that the winch brake was defective.  Furthermore, the plaintiff's current assertions directly contradict the plaintiff's statements in the Aguiar Affidavit and the plaintiff's previous testimony.  For the reasons stated above, the defendant is entitled to summary judgment as a matter of law on the plaintiff's allegations.

WHEREFORE, the defendant Lima & Cura Fishing Corporation requests that the defendant's original motion for summary judgment be granted by this Court.

For the Defendant,
Lima & Cura Fishing Corporation
By its attorneys,

**REGAN & KIELY LLP**


/s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
85 Devonshire Street
Boston, MA 02109
(617)723-0901
jar@regankiely.com


**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a true copy of the above document with the Clerk of the Court, which system will send notification of this filing to all counsel of record.


/s/ Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
Regan & Kiely LLP
85 Devonshire Street
Boston, MA 02109
(617)723-0901

Date:   April 11, 2006