UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                                          )
CARLOS A. AGUIAR,                         )
     Plaintiff                                )
                                                          )        Civil Action
V.                                                       )
                                                          )        No. 04-12011-MLW
LIMA & CURA FISHING                       )
CORPORATION,                               )
     Defendant                             )
_____)

JOINT PRETRIAL STATEMENT

1.    <u>Summary of the evidence</u>

    A.    <u>Plaintiff</u>

This is a fairly straightforward Jones Act Seaman's case arising from an injury on a

commercial fishing vessel.   The Plaintiff was injured when the "door", to the fishing net

dropped causing a load to be taken on a chain which the Plaintiff was attaching to the "door".

The door was hanging from the main towing wire which is controlled by the main towing winch.

 The load on the chain caused his right index finger to be caught between a pelican hook and the

chain, thereby crushing his finger.  Before the Plaintiff went to hook up the door, the winch

operator, Joe Lima, who was one of the co-owners of the Defendant Corporation, had lowered

the door into position for the Plaintiff to then hook it up.  The procedure was that the winch

operator would lower the door, and then engage the winch's brake, which would lock the winch

and prevent the door from moving.  The Plaintiff contends that the door in question can only

move if wire comes out of the main towing winch.  The Plaintiff contends that the only way in

which wire can come out of the main towing winch is if 1) Mr. Lima lowered the winch before

the Plaintiff had finished hooking up the door, 2) the brake to the winch was not properly tightened down and/or 3) the brake to the main winch malfunctioned and therefore was defective. Simply stated, the door could not have dropped unless the winch operator was negligent or the winch and/or winch brake was defective and therefore unseaworthy.

The Plaintiff is a 47 year old commercial fisherman. He came to the United States from Portugal at the age of 19. He attended school until approximately the age of 11 in Portugal. He does not have a high school degree. He has been a commercial fisherman since 1984. His command of the English language is reasonable. He was injured on the Defendant's vessel on October 4, 2003. On that day, he was serving as the deckhand/cook when he was injured during the fishing operations.

As a result of this incident, the Plaintiff's right index finger was crushed and the finger was fractured at the proximal phalanx. The finger was subsequently amputated completely and part of the metacarpal bone was removed as well. The Plaintiff has experienced and continues to experience phantom pain in his right hand, loss of strength and grip in his right hand, cold intolerance, and swelling in his hand, shocks up the elbow, paresthesias and neuropathic pain. The Plaintiff contends that he will not be able to return to work as a commercial fisherman. The Plaintiff's pre-injury average yearly earnings were approximately $43,000 per year. The Plaintiff claims lost earnings in the amount of $43,000 per year for the remainder of his work life expectancy.

The Plaintiff also claims that the Defendant has willfully failed to pay adequate maintenance to the Plaintiff from the date of accident to the point in which he reached maximum medical cure at a rate based on his daily expenses of the following: $110.00 weekly for rent,

$10.00 weekly for electricity, $10.00 weekly for heat, $20.00 a day for food and necessities, for a total of $150 per week of maintenance from the date of accident until the present and continuing until he reaches a point of maximum medical improvement.

B.    Defendant

The defendant agrees with the basic overall fact that the plaintiff was injured while performing his duties of hooking up a chain to the fishing door. The defendant disagrees as to what caused the injury and indeed claims that the plaintiff was at least contributory negligent. He has previously testified that he was not observing the winch operator, as was customary, before going in to set the chain. Additionally, the defendant disputes the plaintiff's recollection of the testimony of the winch operator, Joe Lima, specifically that it was "possible" that the brake slipped. Mr. Lima did describe a scenario, as did other witnesses, in which the heavy weight of the net, coupled with additional mud from the particular type of fishing they were doing, can cause the door to creep down.

Indeed, the defendant contends that the plaintiff's expected testimony is speculative, i.e., that it was either one thing or the other. The fact is the plaintiff does not know what happened and the defendant can offer at least a third possibility as mentioned above. The defendant feels that this actually affords a sound basis for summary judgment or directed verdict.

The defendant contests the plaintiff's attorney's recitation of how much Mr. Aguiar earned per year. His tax returns are determinative, as well as his Social Security Income statement, which has been provided in discovery. In reality, the plaintiff's average earnings were in the vicinity of $25,000.00 per year, before taxes.

Lastly, the defendant contests the claim of maintenance and cure in the amounts claimed by the plaintiff.

2.      Facts established by the pleadings or by stipulations or admissions of counsel

   a)      The Defendant owned and operated the F/V MY WAY on October 4, 2003.

   b)      The Defendant employed the Plaintiff as a seaman and member of the crew of the F/V MY WAY on October 4, 2003.

   c)      On October 4, 2003, the F/V MY WAY was in navigable waters.

3.      Contested issues of fact

   a)      The manner in which the Plaintiff's injury occurred.

   b)      Whether the winch operator operated the winch just before the Plaintiff's injury and/or whether the winch brake was properly tightened down at the time of the accident.

   c)      Whether the brake on the winch slipped and failed to hold the door prior to the Plaintiff's injury.

   d)      Whether the Plaintiff is currently capable of working as a commercial fisherman.

   e)      When the Plaintiff reached a point of maximum medical improvement.

   f)      The nature and extent of the Plaintiff's damages.

   g)      The amount of any unpaid maintenance and cure to which the Plaintiff is entitled.

   h)      Defendant's negligence

   i)      Vessel Unseaworthiness

   j)      Comparative Negligence

k)      Maintence & Cure including whether the Defendant willfully and intentionally failed to provide the Plaintiff with adequate maintenance until he reached an end medical result.

l.)     Whether the plaintiff is currently capable of working in gainful employment other than as a commercial fisherman.

m.)     The nature and extent of the plaintiff's earning capacity.

4.      <u>Jurisdictional questions</u>

None.

5.      <u>Questions Raised by Pending Motions</u>

None

6.      <u>Issues of law</u>

None of which the parties are aware, other than those raised by the Defendant's Motion for Summary Judgment.  This is a standard maritime personal injury case brought under the Jones Act and the general maritime law of unseaworthiness and maintenance and cure.

7.      <u>Requested amendments to the pleadings</u>

None.

8.      <u>Additional matters to aid in the disposition of the action</u>

None.

9.      <u>Probable length of trial</u>

4-5 days.

10.    <u>Witnesses</u>

    A.    <u>Plaintiff's Witnesses</u>

    1.    Jose Abreu
       341 Orchard Street
       New Bedford, MA 02740

    2.    Carlos Aguiar
       18 Bourne Street
       New Bedford, MA 02740

    3.    Celeste Aguiar
       18 Bourne Street
       New Bedford, MA 02740

    4.    Joao Cura
       101 Nautilus St.
       New Bedford, MA 02740

    5.    Jose Lima
       95 Bonney St.
       New Bedford, MA 02740

    6.    Joaquim Machado
       154 Clara Street
       New Bedford, MA 02744

    7.    Jennifer Lee, M.D.  (by Video Deposition)
       Rhode Island Hospital
       593 Eddy Street
       Providence, RI 02903

    8.    Robert H. Sawyer, M.D. (either live or by video deposition)
       Hawthorn Medical Associates, LLC
       480 Hawthorn Street
       North Dartmouth, MA 02747

    9.    Keepers of the records of the following:

        a.    Hawthorn Medical Associates, LLC
          480 Hawthorn Street
          North Dartmouth, MA 02747

    b.       Healthsouth New England Rehabilitation
               250 Faunce Corner Road
               North Dartmouth, MA 02747

    c.       Lima & Cura Fishing Corporation
               114 MacArthur Drive
               New Bedford, MA 02740

    e.       Rhode Island Hospital
               593 Eddy Street
               Providence, RI 02903

    f.       Rhode Island Hospital Plastic Surgery Clinic
               593 Eddy Street
               Providence, RI 02903

    g.       Southcoast Rehabilitation Services
               49 State Road
               North Dartmouth, MA 02747

The Plaintiff reserves the right to call any witnesses identified by the Defendant in this Pretrial Statement.

## B. Defendant's Witnesses

The defendant intends to call several of the witnesses which are listed by the plaintiff and reserves the right to do so. Additionally, the defendant anticipates calling the following witnesses:

    1.       Edward A. Nalebuff, M.D.
               New England Baptist Hospital
               125 Parker Hill Ave.
               Boston, MA 02120

    2.       Deborah J. Veatch, Vocational Rehabilitation Expert
               Eleven Chester St.
               Newton, MA 02161

    3.       David DuBois, Maintenance & Cure/Liability Expert
               Marine Safety Consultants
               26 Water St.
               Fairhaven, MA 02719

    4.    Frank Sweeney
           Maritime Claims Associates, LLC
           26 Water Street
           Fairhaven, MA

    5.    Russell Dubois
           Fairhaven MA.

11.    <u>Proposed exhibits</u>

    A..    photograph of the F/V MY WAY

    B.    Photograph of Winch

    C.,    Photograph of Winch

    D.    Photograph of Gallus Frame

    E.    Photograph of Door

    F.    Photograph of Safety Chain

    G.    Photograph of net and net reel.

    H.    Photograph of Deck F/V MY Way.

    I.    medical records from Hawthorn Medical Associates, LLC;

    J.    medical records from Healthsouth New England Rehabilitation;

    K.    medical records from Rhode Island Hospital;

    L.    medical records from Rhode Island Hospital Plastic Surgery Clinic;

    M.    medical records from Southcoast Rehabilitation Services;

    N.    National Vital Statistics Reports, United States Life and Life Expectancy

           Tables;

    O.    Department of Housing Poverty guidelines;

8

P.      settlement sheets from the F/V MY WAY;

Q.      tax returns of Carlos Aguiar;

R.      written demands for maintenance and cure benefits.

S.      Hook & Safety Chain

T.      Model of Stern Trawler

U.      Working Model of Stern Trawler

V.      Working Model of Winch Gallus and Door.

W.      Plaintiff's Social Security Income Statement

X.       Recorded interviews and transcripts thereof of crewmembers Abreu, Machado, Lima and Cura;

Y       Recorded interview and transcript thereof of plaintiff;

Z.      All documents provided by either side as part of Automatic Disclosure or Responses to Requests for Production of Documents;

AA.     An exemplar (new) hook of type used by plaintiff;

BB.      Copies of crew share receipts, maintenance & cure payments/receipts, advance payments and similar documents.

CC.     Photograph of F/V MY WAY

DD.     Photograph of stern area of F/V MY WAY

EE.     Photograph of net reel on the F/V MY WAy

FF.     Photograph of door on the F/V MY WAY

GG.     Carlos Aguiar's drawing of deck (Exhibit 1 of his deposition)

HH. - MM. Photographs (6) of a new hook like the one Mr. Aguiar was using at the time of his injury

Respectfully submitted for the
the Plaintiff, CARLOS A. AGUIAR,
by his attorney,


/s/ David F. Anderson
David F. Anderson, Esq.
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000


Respectfully submitted for the
the Defendant Lima & Cura Fishing Corporation,
by its attorney,


/s/ Joseph A. Regan
Joseph A. Regan, Esq.
Regan & Kiely LLP
85 Devonshire St.
Boston, MA 02109

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.


/s/ David F. Anderson, Esq.
David F. Anderson, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000


Dated: September 22, 2006