UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                    )
CARLOS AGUIAR                       )
      Plaintiff                     )
                                    )   Civil Action No.  04-12011-MLW
Vs.                                 )
                                    )
LIMA AND CURA FISHING               )
CORPORATION.                        )
      Defendant                     )
_____)

PLAINTIFF'S "DAUBERT" MOTION TO EXCLUDE THE EXPERT TESTIMONY OF
DAVID C. DuBOIS

Now comes the Plaintiff in the above captioned matter and pursuant to F.R.E. 702 respectfully request that this Honorable Court exclude the expert testimony of Defendant's proposed expert David C. DuBois

As grounds thereof the Plaintiff states that Mr. DuBois, is not qualified by education, training and/or experience as an expert on commercial fishing operations and the duties and responsibilities of commercial fishermen on vessels such as the Defendant's.  Plaintiff further objects to the testimony of Defendant's retained expert, Mr. Dubois, on the basis of F.R.E. 702 (Daubert) as Mr. Dubois lacks a factual or scientific basis for his opinions and therefore they are unreliable.   Plaintiff further relies upon the below memorandum.

I.      BACKGROUND

In the parties original Pre-Trial Statement filed on November 23, 2005, the Defendant named David C. DuBois as a potential expert witness in this case.  On that same date Defendant served upon Plaintiff an attorney written expert disclosure identifying Mr. DuBois as a potential

expert witness.   In response to Plaintiff's cross-motion for summary judgment on the issue of contributory negligence the Defendant filed the Affidavit of David C. DuBois.  Defendant has not served a Rule 26 report from Mr. Dubois although today (September 22, 2006) Defendant served upon Plaintiff a list of prior testimony and a C.V. from Mr. Dubois.  Accordingly the only disclosure of Mr. DuBois' testimony to date is the Affidavit of David C. DuBois, which is attached hereto as Ex. "B".

II.     Argument

    1.     Lack of Qualifications.

Mr. DuBois is a Marine Surveyor, consultant and P & I investigator who for the past 26 years has conducted "numerous P & I investigations involving seaman's injuries liability claims [who has] negotiated and secured settlements on all types of cases".  Resume of DuBois (Attached hereto as Ex. "A").  Mr. DuBois' firm was retained soon after the accident to investigate and adjust Plaintiff's claim.  Mr. Dubois has testified in numerous cases and has previously been found not qualified to testify as an expert witness.  Lisa v. Fournier Marine Corp., 866 F.2d 530 (1st Cir. 1989).  Mr. DuBois has never been employed upon commercial fishing vessel and in fact has never been on a commercial fishing vessel during fishing operations in his entire life.  Nor has Mr. DuBois ever receive specialized education in commercial fishing vessel operations.  Simply stated Mr. DuBois has over 25 years experience investigating, adjusting and settling maritime personal injury claims.  However, he has no actual experience, education or training in commercial fishing in general or ground fish trawling in particular.   Plaintiff's counsel has spent the past 13 years investigating, litigating and trying cases involving injuries within the commercial fishing industry and has learned a lot in the process.  While Plaintiff's counsel may have expertise as a maritime attorney, that does not make

him qualified to testify as a Rule 702 "expert witness" in the field of commercial fishing. Similarly, while Mr. DuBois has expertise investigating and adjusting maritime claims that does not make him qualified to testify as a Rule 702 "expert witness" concerning commercial fishing operations.

Mr. DuBois lack of qualifications are particularly relevant in this case because he did not inspect the winch or the vessel, did not perform any tests, did not consult any manufacturer manuals or specifications and did not perform any scientific tests or engineering calculations. Based upon his Affidavit it appears that all of his opinions are based upon his "experience" and yet he has never been on a commercial fishing vessel during fishing operations in his entire life. All of the alleged "experience" comes from preparing "casualty investigation reports for various marine insurance companies, law firms and vessel owners." Resume of DuBois. Although Mr. DuBois is certainly experienced, he has no experience in the area of his proposed expert testimony, which is commercial fishing vessel operations. See, e.g. Tokio Marine & Fire Ins. Co. v. Grove Mfg Co., 958 F.2d 1169 1174-1175 (1st Cir. 1992); Silva v. American Airlines, Inc., 960 F.Supp. 528, 531 (D.P.R. 1997); Apostol v. United States, 838 F.2d 595, 598 (1st Cir. 1988).

3.   Lack of Reliability and Foundation.

As noted above, Mr. Dubois has not provided a Rule 26 report, however based upon his Affidavit it appears that he did not perform a single test, inspection or calculation when forming his opinions. Nor does it appear that Mr. DuBois consulted any manufacturer specifications for the winch and/or brake or consult with any other authoritative text. Given that Mr. DuBois has never been on a commercial fishing vessel during fishing operations in his entire life he cannot rely upon his own personal experience.

In paragraph 8 of his <u>Affidavit</u>, Mr. Dubois states that "the rolling of the boat can cause the door to bob up and down …causing tension on any connecting safety chain." And "This is a common occurrence and a common risk to the hook up man in a commercial fishing operation". These statements are simply not accurate and Mr. Dubois has failed established any reliable basis for this opinion. As noted above, Mr. Dubois has no first hand experience on commercial fishing vessels.

Mr. DuBois has failed to establish any reliable basis for the opinions set forth in paragraph 9 of his <u>Affidavit</u>. Mr. Dubois offers the opinion that "this [mud, rocks, catch] often creates a situation where the winch may pull a load beyond what it's designed for by the brake". However, he has performed no tests, has not consulted any documentation concerning the holding power of the brake or the pulling power of the winch. He has not tested the particular winch in question nor does it appear that he has ever been on Defendant's vessel. Again Mr. Dubois cannot rely upon his first hand experience commercial fishing, because he has none.

In sworn responses to interrogatories, Captain Cura, the president of the Defendant Corporation, who was the Plaintiff's boss and observed the entire accident could not identify a single act or omission of the Plaintiff that contributed to the accident. <u>Def. Ans. to Ints.</u>, Int. #13, pp. 5-6 (Attached as Ex. "C"). However, in paragraph 11 of his <u>Affidavit</u>, Mr. DuBois offers an opinion regarding the specific job responsibilities of a deckhand (hook up man) on the F/V MY WAY. Mr. Dubois does so without reference to the job duties established by Captain Cura, without any first hand experience on that type of boat or even within the commercial fishing industry. There is simply no reliable basis for this opinion. Further Mr. DuBois states the opinion that the Plaintiff's negligence in failing to ascertain whether the brake was firmly engaged was a cause of Plaintiff's accident. Yet in paragraph 12, Mr. DuBois states that the

movement of the door was caused by the boat rolling and the weight of the catch.  Accepting for the moment that the Plaintiff had a duty to ensure the brake was secured (which is denied) the failure to insure the brake was secure was only a contributory cause of Plaintiff's accident if the brake was in fact not tightened down.  Simply stated the opinion as to causation in paragraph 11 of Mr. Dubois' <u>Affidavit</u> is inconsistent with the opinion as to causation in paragraph 12.

In paragraph 12 of his <u>Affidavit</u>, Mr. Dubois offers the opinion that the movement of the door was caused by "the boat rolling due to wind and sea conditions" as well as the fact of a "heavier than normal catch".  There is no simply no reliable basis for this opinion.  Mr. DuBois has failed to provide any scientific calculations or basis for his opinion and he has no first hand experience to fall back on.  Further all parties agree that the weather was calm and there is no evidence the boat was rolling.  <u>See</u>, <u>Defendant's Answers to Interrogatories</u>, P. 2, Ans. #3 (Ex. "C")("The weather was calm.").  Finally, there is no evidence "of a heavier than normal catch".  Accordingly, Mr. Dubois' testimony should be excluded pursuant to F.R.E. 702 as unreliable.  <u>See</u>, <u>Bogosian v. Mercedes-Benz of North Am., Inc.</u>, 104 F.3d 472, 479 (1st Cir. 1997).

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court exclude the testimony of  <u>David C. DuBois</u> on the basis that he is not qualified as an expert in commercial fishing operations and further that his opinions are unreliable.

                                Respectfully Submitted on
                                behalf of the Plaintiff Carlos Aguiar,
                                by his attorney,


                                /s/ David F. Anderson, Esq.
                                David F. Anderson
                                Latti & Anderson LLP
                                30-31 Union Wharf
                                Boston, MA 02109
                                (617) 523-1000

Dated: 3/9/06

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                             /s/ David F. Anderson, Esq.
                                             David F. Anderson, Esq.
                                             Latti & Anderson LLP
                                             30-31 Union Wharf
                                             Boston, MA 02109
                                             617-523-1000

Dated: September 22, 2006