PLAINTIFF'S EXHIBIT C

NOV 08 2005

LATTI & ANDERSON LLP

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| LIMA & CURA FISHING | ) |
| CORPORATION, | ) |
|     Defendant | ) |

### DEFENDANT LIMA & CURA FISHING CORPORATION'S ANSWERS TO INTERROGATORIES PROPOUNDED BY PLAINTIFF

**Interrogatory No. 1**

Please state:

a. If the Defendant is a natural person, please state the Defendants full name, residential address, and business address;

b. If the Defendant is a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors and any parent or subsidiary corporations.

c. If the Defendant is not a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors, and shareholders of the Defendant corporation and any parent or subsidiary corporations.

d. If the Defendant is a partnership (including limited partnerships and limited liability partnerships), please state the exact partnership name, the business address of the partnership and the full name and residential address of each partner.

e. If the Defendant is not a natural person, or a corporation or a partnership, please describe the type of entity the Defendant is, and identify all executive officers of the Defendant's organization.

**Answer No. 1**

a.-e.  Lima & Cura Fishing Corporation, 114 MacArthur Drive, New Bedford, MA 02740. It is

-2-

a Massachusetts corporation. The President is John Lima and the Secretary is Maria Cura.

**Interrogatory No. 2**

With respect to the vessel named in the Plaintiffs Complaint, please identify, as of the date of the alleged incident:

a. the owner of said vessel;
b. the operator of said vessel;
c. the controller of said vessel; and
d. the charterer (if any) of said vessel.

**Answer No. 2**

a. Lima & Cura Fishing Corporation;
b. Captain John Cura;
c. The defendant does not know what is meant by the controller of the vessel and is unable to answer this further;
d. The vessel is not under charter.

**Interrogatory No. 3**

Based upon information the Defendant has acquired either directly or through communications with its agents, servants, employees, investigators, adjusters, legal representative, the Plaintiff, and/or any other person, please describe in detail the Defendant's understanding of how the alleged incident occurred, setting forth the date, location, time, weather conditions, sequence of events, and the cause (or causes) of said incident.

**Answer No. 3**

The date of the alleged incident was October 4, 2003 at approximately 8:00 a.m. or later in the morning. At the time the F/V MY WAY was approximately 50 miles east of Nantucket. The weather was calm. The plaintiff was hooking up the port side door to the fishing net, which door and net had mud on it when the door dropped down and crushed the plaintiff's finger.

**Interrogatory No. 4**

Identify all log entries, Coast Guard reports, accident reports, injury reports, captain's report, reports of crew members, investigative reports or any other communications, writing or report concerning the alleged incident, stating for each, whether said report or writing was prepared in anticipation of litigation as defined by Fed.R.Civ.P. 26(B)(3). In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the Definitions section of these interrogatories.

-3-

**Answer No. 4**

There are none.

**Interrogatory No. 5**

Identify all officers and members of the crew of the Defendant's vessel, at the time of the alleged incident, also including within your answer, the capacity in which each officer/crew member served the vessel (i.e. Captain, Mate, Cook, etc.), and whether they witnessed the alleged incident.

In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the Definitions section of these interrogatories.

**Answer No. 5**

Captain John Cura, Engineer Joe Lima, Mate Jose Abreu, Deckhand Joaquim Machado, Deckand/Cook Carlos Aguiar.

Mr. Cura and Mr. Lima witnessed the accident and/or its immediate aftermath. Mr. Machado was also on deck and may have witnessed part of the incident, although he may have had his back turned to Mr. Aguiar at the time.

**Interrogatory No. 6**

Please itemize all payments of maintenance & cure benefits paid by the Defendant to, or on behalf of, the Plaintiff, setting forth the date of each payment, the amount of each payment, and to whom each payment was made.

**Answer No. 6**

Maintenance in the amount of $9,495.00 has been paid to the plaintiff covering the period 4 October 2003 - 27 June 2005. Medical bills in the amount of $24,259.67 has also been paid on the plaintiff's behalf. There are currently two outstanding bills in the amount of approximately $770.00, which will be paid following adjustment. Lastly, the plaintiff has been advanced $6,600.00.

**Interrogatory No. 7**

If the Defendant has not provided maintenance & cure benefits, if the Defendant has delayed provision of maintenance 7 cure benefits for more than thirty days after a request for benefits, please state the basis upon which the Defendant relies for its failure to provide maintenance & cure, its delay in providing maintenance & cure and/or its discontinuance of the said maintenance and cure benefits.

**Answer No. 7**

-4-

Not applicable.

### Interrogatory No. 8

If Defendant was not present at the time of the alleged incident, please state:

a.  whether Defendant had notice or knowledge of said alleged incident; and

b.  when, where, in what manner and from whom such notice or knowledge of the alleged incident was received or acquired.

### Answer No. 8

Not applicable.

### Interrogatory No. 9

Identify any communications, statements and/or admissions made by the Plaintiff to anyone concerning: 1) the alleged incident; 2) the injuries alleged in plaintiff's complaint; and/or 3) the damages alleged in plaintiff's complaint. Please include within your answer:

a.  the date said communication was made;

b.  the name and address of the person to whom said communication was made;

c.  where said communication was made;

d.  the name and address of each person present at the time said communication was made;

e.  the precise contents of the communication;

f.  if said communication was written, recorded, or transcribed, please state the present location of said writing or transcription.

### Answer No. 9

Both Mr. Cura and myself have had conversations with the plaintiff at the time of the accident and in the time since the accident occurred. We cannot recall the specific dates. The conversations which took place following the accident were always along the lines of inquiring how Mr. Aguiar was recovering from his injury.

Immediately after the accident, he came up into the pilothouse where I helped bandage him up and called the Coast Guard. There was general conversation about the nature and extent of the injury at that time. Mr. Aguiar was bleeding from his right index finger. I put a stitch bandage on the laceration and there was general discussion about that and calling the Coast Guard.

## Interrogatory No. 10

Identify all written reports, recorded conversations, and/or statements (signed or unsigned), and all memoranda of statements, made by any person at any time? relating to: 1) alleged incident; 2) the cause of the alleged incident; 3) the Plaintiffs alleged injuries; and/or 4) the Plaintiffs alleged damages. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the Definitions section of these interrogatories.

## Answer No. 10

Nothing other than the recorded interview of the plaintiff which has been previously provided to the plaintiff's attorney.

## Interrogatory No. 11

Identify all photographs, video tapes, ships plans, and/or blueprints of the vessel named in Plaintiffs complaint, which where made, drawn, taken and/or developed within the past 10 years.

## Answer No. 11

We are currently searching to see if we have any photographs and will supplement this answer if they are found. We do not believe that we have any video tapes, ships plans or blueprints.

## Interrogatory No. 12

List each occasion (during the time period commencing five years prior to the date of Plaintiffs alleged incident and extending through to the present), that the vessel named within Plaintiffs complaint was inspected and/or surveyed by any person other than: A) the Defendant; B) a master or member of the crew of the vessel. Please include within your answer the date in which the vessel was inspected and/or surveyed, and identify the person who performed said inspection and/or survey.

## Answer No. 12

I don't know the exact dates of surveys but I understand that we will provide copies of the survey reports.

## Interrogatory No. 13

If, with respect to the alleged incident or the Plaintiffs alleged injuries and damages, the Defendant claims that the Plaintiff was: A) contributorily negligent; B) failed to exercise reasonable care for his own safety; C) breached a duty of care owed to himself and/or others; or D) or failed to mitigate his damages, then please state the basis of each such claim.

## Answer No. 13

-6-

I have been informed by my attorneys that neither any other crewmember nor the vessel was responsible for the plaintiff's injuries. If anyone was responsible for the plaintiff's injuries, he was.

**Interrogatory No. 14**

State the basis of the affirmative defense(s) raised in Defendant's Answer to Plaintiffs Complaint.

**Answer No. 14**

See answer to interrogatory number 13.

**Interrogatory No. 15**

Please identify each person who was a witness to the events immediately preceding, during, and/or immediately after the alleged incident.

In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the <u>Definitions</u> section of these interrogatories.

**Answer No. 15**

Mr. Lima, Mr. Cura and possibly Mr. Machado.

**Interrogatory No. 16**

Please state the names, addresses, and expected testimony of each expert witness who the Defendant may call at trial, including in your answer:

a. the subject matter on which the expert is expected to testify;

b. the education, training and/or expertise that qualifies said expert witness as an expert on the subject matter;

c. the specific opinions and/or facts to be expressed by the expert;

d. a complete summary of the grounds for each opinion to be expressed at trial. e. identify all documents relied upon by the expert in forming his opinions. f set forth all facts relied upon by the expert when forming his opinions.

**Answer No. 16**

I have been advised that my attorneys have not yet made any decisions concerning experts and that this answer will be supplemented at the appropriate time.

**Interrogatory No. 17**

If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, please state:

a.  the value of the vessel at the conclusion of the voyage upon which the alleged incident occurred;

b.  the value of the freight then pending on vessel at the conclusion of the voyage upon which the alleged incident occurred;

c.  the basis for the above valuations.

**Answer No. 17**

This answer will be supplemented if it becomes an issue.

**Interrogatory No. 18**

Please describe all maintenance (other than routine maintenance procedures performed on the vessel each and every trip), repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the vessel, her equipment and appurtenances, including but not limited to winches, hydraulics, brakes for winches, controls for winches during period of time beginning three (3) years prior to the alleged incident and extending one (1) year following the alleged incident, including within your answer:

a.  the date the maintenance, repair, alteration, modification, and/or subsequent remedial measure was performed;

b.  the specific location on the vessel and/or the specific piece of equipment or appurtenance upon which the maintenance, repair, alteration, modification and or subsequent remedial measure was performed;

c.  the identity of the person who performed said maintenance, repairs, alterations, modifications and/or subsequent remedial measures.

d.  the nature of the work performed.

**Answer No. 18**

See the maintenance documents which have been provided in response to the Plaintiff's Request for Production of Documents.

**Interrogatory No. 19**

With respect to this civil action, please list the names of all natural persons who the Defendant

-8-

claims are represented by Counsel for the Defendant.

**Answer No. 19**

The captain and the crew of the F/V MY WAY.

**Interrogatory No. 20**

Identify all protection and indemnity (P & I) policies, policies of insurance, excess insurance policies, re-insurance policies and/or indemnity agreements, under which any person may be liable to make payments or indemnify any other person, as a result of the claims asserted in the above captioned Civil Action, or as a result of Judgment entered in the above captioned Civil Action, stating for each:

a.   the type of policy or agreement;
b.   the insurer;
c.   the insured;
d.   the limits of coverage;
e.   the dates in which the policy is or was in effect.

**Answer No. 20**

See the policy of insurance which is provided in response to the Plaintiff's Request for Production of Documents.

**Interrogatory No. 21**

Please describe the procedure for hooking up the door with the safety chain during haul back at the time of the alleged incident to present.

**Answer No. 21**

The door comes up and the deckhand has the chain in one hand. He passes it through two metal triangles centered on the inside of the door and hooks it up to what is called the "gun," which is a clamp involving two pieces of metal that hooks on to the chain. The gun, itself, is attached by chain to the gallus frame.

**Interrogatory No. 22**

Identify any and all warning, orders issued to Plaintiff regarding Plaintiff hooking up the door, including in your answer who issued the warning, order and what was said and when.

**Answer No. 22**

-9-

The plaintiff was an experienced hook up man who did not require any specific warnings, orders or instructions at the time he was performing his duties.

Signed under the pains and penalties of perjury this ___5TH___ day of July, 2005.

~~John~~ Cura      JOAO A. CURA

I hereby certify that this document has been served upon all counsel of record in compliance with the FRCP
Joseph A. Regan/cp 11-8-05