UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| LIMA & CURA FISHING ) | |
| CORPORATION, ) | |
|     Defendant ) | |

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION
TO EXCLUDE THE EXPERT TESTIMONY OF DAVID C. DUBOIS**

Now comes the defendant in the above-captioned matter and opposes the Plaintiff's Motion to Exclude the Expert Testimony of David C. DuBois.

As an introductory matter, this motion is identical to a motion which was filed and heard during the recent hearing on the cross-motions for summary judgment. The instant motion is word for word the same language and basis for the motion to strike Mr. DuBois' affidavit, a motion which the court denied at that time.

The plaintiff attaches Mr. DuBois' resume and his Affidavit of testimony as part of his motion so the defendant will not burden the court with additional copies.

**ARGUMENT**

**I.   Lack of Qualifications**

The plaintiff cites a single line from the two page resume of Mr. DuBois in support of his motion citing the numerous investigations that Mr. DuBois has done involving seamen's injuries. The plaintiff overlooks his experience as a casualty

investigator for the United States Coast Guard, the numerous Condition and Value surveys that he has done of commercial fishing vessels, including the survey of the F/V MY WAY, copies of which have been provided to the plaintiff's attorneys as part of discovery.

Additionally, the many years of experience in investigating claims involving safety and/or seamen's injuries alone qualify Mr. DuBois to testify on the subject matter of safety onboard the F/V MY WAY. Indeed, Mr. DuBois teaches safety classes from time to time, predominantly for the Coast Guard on the subject of commercial fishing vessel safety.

As part of Condition and Value surveys, Mr. DuBois is charged with the responsibility of insuring that the vessel meets all the requirements of the Fishing Vessel Safety Act of 1988 and subsequent federal regulations outlining safety practices onboard commercial fishing vessels. These regulations apply to all United States uninspected commercial fishing vessels. Furthermore, Mr. DuBois has acted as a consultant relevant to modification of commercial fishing vessels and/or new construction thereof.

His duties as a chief engineering officer in the United States Coast Guard qualify him on issues concerning the operation, maintenance and inspection of machinery such as fishing vessels and winches, such are involved in this case.

For six years as an inspector for the Coast Guard, he performed field inspections on all types of vessels. In short, his resume makes him well qualified to testify in the area of commercial fishing vessel safety and safety practices and procedures. See the enclosed Affidavit of Mr. DuBois labeled Exhibit 1.

**2.      Lack of Foundation/Reliability**

Contrary to the plaintiff's assertion, every statement or opinion made by Mr. DuBois is supported by deposition testimony. Enclosed as Exhibit 2 are copies of pertinent portions of the depositions of Mr. Joao Cura and Mr. Joseph Lima in which they describe, inter alia, the need for the hookup man to watch what the winch operator is doing (Cura, p. 23-2 to p. 23-4), the door swaying although the weather was described as nice (Cura, p. 23-13 to p. 23-16; Lima p. 39-16 to p. 40-5) and the fact that the net was heavier than normal (Cura, p. 56-10 to 56-12).

Mr. DuBois has relied on the deposition testimony and expected testimony of the witnesses in forming his opinion, including statements by all parties that there was nothing wrong with the winch or winch brake itself, as well as the fact that there were no repairs needed to the same. Accordingly, a specific test or inspection or calculation is not required as a foundation for his testimony, although he has inspected the equipment onboard this boat by virtue of the survey that he has done, which had been provided to the plaintiff as part of discovery.

Likewise, plaintiff's attorney misquotes the Defendant's Answers to Interrogatories. Rather than failing to identify a single act or omission, the answer actually indicates that if anyone was responsible for the plaintiff's injuries, the plaintiff was, a position supported by Mr. DuBois.

**3.      Lisa B. Fournier Marine Corp., 866 F.2d 530 (1st C. 1989)**

A copy of the case itself is attached as Exhibit 3 for the court as ready reference. According to Mr. DuBois, his testimony in that case was not excluded on the grounds that he was unqualified. Indeed, the court decision, itself, makes a distinction between

Mr. DuBois' testimony and another expert, a Mr. Amirault's, qualifications. According to Mr. DuBois, essentially Judge Aldrich took the issue, i.e., that a sealed compartment without oxygen was dangerous, away from the jury by instructing them to that effect thus making Mr. DuBois' testimony as an expert to the same effect unnecessary and therefore Mr. DuBois did not testify. It had nothing to do with qualifications. Please see Exhibit 1, Mr. DuBois' Affidavit.

For all of the reasons, the defendant respectfully requests that the court deny the Plaintiff's Motion to Exclude the Testimony of Mr. DuBois.

          For the Defendant,
          By its Attorneys,

          **REGAN & KIELY LLP**

            /s/Joseph A. Regan
          Joseph A. Regan, Esquire (BBO #543504)
          88 Black Falcon Avenue, Suite 330
          Boston, MA 02210
          (617)723-0901