UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR, )
        Plaintiff )
)
v. )
)
LIMA & CURA FISHING )
CORPORATION, )
        Defendant )

### AFFIDAVIT OF DAVID C. DUBOIS

1. My name is David C. DuBois. I have been retained as an expert on behalf of the Lima & Cura Fishing Corporation in this action. I have previously submitted my expert opinion by way of an Affidavit in February of 2006.

2. I am a certified third party examiner of commercial fishing vessels. I am also a drill conductor and a drill conductor instructor.

3. I am familiar with the Commercial Fishing Vessel Industry Safety Act of 1988 and subsequent regulations outlining safety practices. I teach fishing vessel safety classes.

4. I conduct safety surveys, Condition & Value surveys, damage surveys and safety inspections. I issue safety decals authorized by the United States Coast Guard.

5. I was retained as an expert in the case of Lisa v. Fournier Marine Corporation, 866 F.2d 530, which was heard in 1987 or 1988.

6. The facts of that case were basically as follows. Mr. Arthur Fournier, on behalf of Fournier Marine Corporation purchased a barge from McAllister Lighterage Line, Inc. The plaintiff died when he went inside a compartment in the barge and was overcome by a lack of oxygen. The plaintiff sued Fournier Marine Corporation and Fournier Marine Corporation sued McAllister Lighterage Line, Inc. on the basis of having sold an unsafe or defective product and on the basis that McAllister should have warned about the hazards associated with entering confined spaces that had been closed.

7. I believe that I was retained to testify that it was well known in the industry that confined spaces are hazardous and that safety precautions have to be taken prior to entering.

Affidavit of David C. DuBois (continued)
Page 2

8. To the best of my recollection, my memory is that Judge Aldridge indicated that expert testimony to that effect, i.e., that entering a closed space was dangerous, was not necessary inasmuch as he intended to instruct the jury to that effect. Accordingly, I did not testify and never even took the stand.

9. To the best of my knowledge, I have never been excluded on the basis of my qualifications from testifying in a case involving safety onboard a commercial fishing vessel and I have done so on many occasions.

10. I have been on this boat and observed the operation of the winch in the past and am familiar with its characteristics.

11. I have also reviewed all of the expected testimony of the parties as to the condition of the winch.

Signed under the pains and penalties of perjury this 28th day of September, 2006.

*David C. DuBois*
David C. DuBois