Westlaw.

m1549

866 F.2d 530                                                                                                    Page 1

866 F.2d 530, 1989 A.M.C. 2408
**(Cite as: 866 F.2d 530)**

H

United States Court of Appeals, First Circuit.
Richard LISA and Tina Lisa, Plaintiffs, Appellants,
v.
FOURNIER MARINE CORPORATION, et al., Defendants, Appellees.
No. 88-1441.

Heard Dec. 5, 1988.
Decided Feb. 3, 1989.
Rehearing and Rehearing Denied En Banc Denied March 14, 1989.

Worker who was injured when he entered sealed compartment on barge appealed from judgment of the United States District Court for the District of Massachusetts, Bailey Aldrich, Senior Circuit Judge, sitting by designation, entered in favor of defendants. The Court of Appeals held that: (1) district court did not abuse its discretion in bifurcating trial; (2) evidence created jury question as to whether worker was seaman; and (3) costs and reasonable attorneys' fees on appeal would be assessed against worker's counsel personally.

Affirmed.

West Headnotes

**[1] Federal Civil Procedure 170A** 1959.1

170A Federal Civil Procedure
　　170AXV Trial
　　　　170AXV(A) In General
　　　　　　170Ak1959 Separate Trial of Particular Issues
　　　　　　　　170Ak1959.1 k. In General. Most Cited Cases
　　(Formerly 170Ak1959)
Bifurcating trial in action arising when worker was injured when he entered sealed compartment on barge, to separate issues of worker's status and status of barge from rest of case, was not abuse of discretion. Fed.Rules Civ.Proc.Rule 42(b), 28 U.S.C.A.

**[2] Federal Courts 170B** 901.1

170B Federal Courts
　　170BVIII Courts of Appeals
　　　　170BVIII(K) Scope, Standards, and Extent
　　　　　　170BVIII(K)6 Harmless Error
　　　　　　　　170Bk901 Exclusion of Evidence
　　　　　　　　　　170Bk901.1 k. In General. Most Cited Cases
　　(Formerly 170Bk901)
Excluding expert's testimony about dangerousness of barge with sealed compartment and whether worker should have been warned about compartment was harmless in action arising when worker

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

866 F.2d 530                                                                                                                Page 2

866 F.2d 530, 1989 A.M.C. 2408
**(Cite as: 866 F.2d 530)**

collapsed after entering compartment, where jury was instructed that sealed compartment was dangerous, and decided that worker was aware of that dangerous condition.

**[3] Seamen 348** &#x21E8;**29(5.16)**

348 Seamen
    348k29 Personal Injuries
        348k29(5.16) k. Questions for Jury. Most Cited Cases
Evidence that worker who was injured when he entered sealed compartment on barge worked primarily as general laborer created jury question as to whether he was a seaman.

**[4] Admiralty 16** &#x21E8;**119**

16 Admiralty
    16XII Appeal
        16k119 k. Determination and Disposition of Cause. Most Cited Cases
Trial court's rulings against worker on evidentiary and procedural matters in action arising when worker was injured after he entered sealed compartment on barge, together with reference to worker's counsel's representation of clients in Maine, made outside presence of jury, did not require remand for new trial on grounds of bias.

**[5] Federal Civil Procedure 170A**&#x21E8; **2843**

170A Federal Civil Procedure
    170AXX Sanctions
        170AXX(F) On Appeal
            170Ak2837 Grounds
                170Ak2843 k. Arguments and Briefs. Most Cited Cases
    (Formerly 45k24)
Defendants' costs and reasonable attorneys' fees on appeal would be assessed against worker's counsel personally on appeal from judgment entered in favor of defendants in action arising when worker was injured after entering sealed compartment on barge, where absence of meaningful argument in brief filed on behalf of worker rendered appeal frivolous and needlessly burdened defendants. F.R.A.P.Rule 38, 28 U.S.C.A.; 28 U.S.C.A. § 1927.

***531** Nathan Greenberg, Boston, Mass., for plaintiffs, appellants.
Richard H. Pettingell, with whom D. Alice Olsen, Morrison, Mahoney & Miller, Boston, Mass., Leonard W. Langer and Thompson, McNaboe, Ashley & Bull, Portland, Me., were on brief, for defendant, appellee Penobscot Bay Towing Co., Inc.
Timothy R. McHugh, with whom, Stephen M. Ouellette, Gloucester, Mass., and Hoch & McHugh, Boston, Mass., were on brief, for defendant, appellee Fournier Marine Corp.
Thomas J. Muzyka with whom Seth S. Holbrook and Clinton & Muzyka, P.C., Boston, Mass., were on brief, for defendant, appellee McAllister Lighterage Line, Inc.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

866 F.2d 530                                                                                               Page 3

866 F.2d 530, 1989 A.M.C. 2408
**(Cite as: 866 F.2d 530)**

PER CURIAM.
This case arises out of a tragic accident in which appellant suffered serious permanent injuries when he entered a sealed compartment on a barge and collapsed from lack of oxygen. Appellant filed a ten-count complaint against four defendants,[FN1] and in a bifurcated trial the jury held for the defendants on all claims. Appellant now appeals, alleging a host of evidentiary and procedural errors as well as a general bias against him on the part of the district court. We affirm, finding that the district court conducted the trial in a proper and impartial manner.

> FN1. One defendant was dismissed before trial.

In his brief, appellant does little more than list the many wrongs that he believes the district court committed while trying this case, presenting little or no discussion of any of them. Although we could hold that those issues listed but not discussed are waived, cf. *Mahanor v. United States,* 192 F.2d 873, 877 (1st Cir.1951) (issue stated as point on appeal but not argued in brief is waived), we instead have considered each claim and found no reversible error. We make only the following observations:

[1] 1. The district court did not abuse its discretion in bifurcating the trial. *See* Fed.R.Civ.P. 42(b); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 42.03[1] at n. 6 (1988). By separating the issues of appellant's status and the status of the barge from the rest of the case, the court avoided needlessly confusing the jury with multiple, and mutually exclusive, theories of liability. Moreover, appellant has failed to assert any material prejudice resulting from the bifurcation.

[2] 2. The district court acted properly in excluding the testimony of expert witnesses David Dubois and Richard Amirault. Appellant neither objected at trial to exclusion of Dubois' testimony nor explains on appeal why it was erroneous or how he was harmed. With regard to Amirault's testimony, the court was well within its discretion in concluding that the proferred "expert" was unqualified. In addition, the exclusion of the evidence regarding the dangerous nature of the sealed compartment on the barge, including an OSHA citation, was harmless. The court explicitly instructed the jury that the sealed compartment was dangerous, and the jury decided that Fournier was aware of that dangerous condition. Thus, exclusion of Amirault's testimony about the dangerousness of the barge and whether McAllister should have warned Fournier did not harm appellant.

[3] 3. Appellant objected at trial that the court's instruction on the definition of a "vessel" differed from the statutory definition of the term, and was not sufficiently **\*532** "comprehensive." On appeal, he does not raise the statutory point, but instead cites several specific parts of the charge as given in the course of an argument that the instruction generally

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

866 F.2d 530                                                                                                                Page 4

866 F.2d 530, 1989 A.M.C. 2408
**(Cite as: 866 F.2d 530)**

favored the defendant. We are unclear about the precise nature of appellant's dissatisfaction with this charge, primarily because counsel's objections at trial bear little resemblance to his argument on appeal. For this reason alone, appellant's claim could be rejected. *See Wells Real Estate v. Greater Lowell Board of Realtors,* 850 F.2d 803, 809 & n. 5 (1st Cir.1988) (" An exception on one ground cannot serve as the basis for another, on a different ground, on appeal."). In addition, we note that a court need not adopt verbatim a party's proposed instructions, *see United States v. Gibson,* 726 F.2d 869, 874 (1st Cir.1984). It is therefore incumbent upon an appealing party to explain what was erroneous about a disputed charge rather than merely to describe how the instruction differed from the party's ideal.

On the instruction concerning whether appellant was a seaman, appellant seems to argue that the court should have told the jury that the evidence "compel[led] a conclusion that he was a seaman." We disagree. Defendants presented evidence showing that appellant worked primarily as a general laborer and not as a seaman, and the jury was permitted to credit that testimony over conflicting evidence from appellant. In addition, contrary to appellant's suggestion in his brief, the court did instruct the jury that appellant could be considered a seaman if he had been assigned to a fleet of vessels, as well as to a single vessel.

[4] 4. Appellant's allegations of bias on the part of the district court consist almost entirely of complaints that the court ruled against him on evidentiary and procedural matters. This is insufficient. *See Joseph E. Bennett Co. v. Trio Industries,* 306 F.2d 546, 549 (1st Cir.1962) (a charge of judicial misconduct "is never supported by mere reference to adverse rulings and findings"). The only claim not connected to the judge's rulings concerns a reference made by the court to appellant's counsel's representation of clients in Maine. This comment was not made within the presence of the jury, and was explained adequately by the court during a hearing on appellant's disqualification motion. We therefore reject appellant's suggestion that we reverse the judgment below and remand for a new trial because of bias on the part of the district court.

[5] 5. We believe this is an appropriate case in which to assess against appellant's counsel personally appellees' costs and reasonable attorneys' fees on appeal. The absence of meaningful argument in the brief filed on behalf of appellant rendered this appeal frivolous and needlessly burdened appellees. *See Lozano v. Banco Central Y Economias,* 865 F.2d 15, 15-16 (1st Cir.1989); *Larsen v. Empresas El Yunque, Inc.,* 812 F.2d 14, 16 (1st Cir.1986); Fed.R.App.P. 38 and 28 U.S.C. § 1927. To avoid further litigation, we set the amount of the attorneys' fees on appeal as being $750 to appellee Penobscot Bay Towing Co., Inc., $750 to appellee McAllister Lighterage Line, Inc., and $750 to appellee Fournier Marine Corp.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

866 F.2d 530                                                                                           Page 5

866 F.2d 530, 1989 A.M.C. 2408
**(Cite as: 866 F.2d 530)**

*Affirmed. Double costs and a reasonable attorney's fee of $750 to each appellee, to be paid personally by appellant's counsel.*

C.A.1 (Mass.),1989.
Lisa v. Fournier Marine Corp.
866 F.2d 530, 1989 A.M.C. 2408

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.