UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR,  )
    Plaintiff  )
  )
v.  )
  )
LIMA & CURA FISHING  )
CORPORATION,  )
    Defendant  )

### REQUEST OF THE DEFENDANT, LIMA & CURA FISHING CORPORATION, FOR INSTRUCTIONS TO THE JURY

Now comes the defendant, Lima & Cura Fishing Corporation, and respectfully requests this Court to instruct the jury as follows:

REQUEST NO. 1

You cannot be governed by sympathy or prejudice or any motive whatsoever, except a fair impartial consideration of the evidence, and you must not allow any sympathy you may have for any party to influence you in any degree whatsoever in deciding whether the plaintiff has sustained his burden of proof.

REQUEST NO. 2

The plaintiff has the burden of proving each and every one of his claims by a preponderance of the evidence. In reaching your determination as to whether the plaintiff has satisfied his burden of proof, I instruct you that you are the sole judge of the credibility of all the witnesses. You do not have to believe, and may decide that you do not believe, any of the witnesses that have appeared before you. You may decide that you believe a part but not all of the testimony of any witnesses. In reaching your decision as to whether you believe a witness, you may consider how the witness conducted himself or herself on the witness stand, and you may also consider whether the witness had an opportunity to observe or to otherwise learn the facts upon which that witness testified.

REQUEST NO. 3

What I have said about the credibility of witnesses applies as well to the credibility of expert witnesses. There is no obligation for you to believe an expert witness merely because he or she is an expert witness. You are free to reject his or her testimony in whole or in part if you are not satisfied that it is based upon the facts of the case as you find them to be or if you find that he does not have sufficient basis upon which to support his or her opinion or that he or she has not had a sufficient opportunity to observe that which he or she purports to testify or that his or her opinion is motivated by his or her interest in the case.

REQUEST NO. 4

The defendant, Lima & Cura Fishing Corporation, is a business while the plaintiff is an individual. Lima & Cura, however, is entitled to the same fair and impartial treatment in this case as if it were an individual like the plaintiff. In other words, both parties are entitled equally to the same fair and impartial treatment by you.

REQUEST NO. 5

The full extent of Lima & Cura's duty to the plaintiff was to furnish a vessel reasonably safe and fit for its intended purpose, and to exercise due care in the conduct of its fishing operations.

Case 1:04-cv-12011-MLW   Document 53-3   Filed 10/02/2006   Page 6 of 11

REQUEST NO. 6

Lima & Cura's duty under the Jones Act, which is the plaintiff's claim that Lima & Cura was negligent, is to use ordinary prudence and care under the circumstances.

Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 1997 A.M.C. 1521 (5th C. 1997).

REQUEST NO. 7

The negligence of Lima & Cura cannot be presumed from the mere fact of the plaintiff's injuries.

Tallon v. Spellman, 302 Mass. 179.

Borysewicz v. Dineen, 302 Mass. 461.

REQUEST NO. 8

In order to be entitled to recovery for damages under the Jones Act, the plaintiff must establish that he was a seaman, that he was a member of the crew of the F/V MY WAY, that Lima & Cura was the owner or in control of the vessel at the time of the plaintiff's injury, that the plaintiff was injured while in the service of the vessel, that the plaintiff was an employee of Lima & Cura, and that negligence on the part of Lima & Cura was a producing or contributing cause of his injuries. It does not have to be the sole proximate cause.

Martinez v. State Fish & Oyster Co., 386 F.Supp. 560.

Chisholm v. Sabine Towing & Trans. Co., Inc., 679 F.2d 60 (5th C. 1982).

Rogers v. Missouri RR Co., 353 U.S. 500 (S.Ct. 1957).

REQUEST NO. 9

The plaintiff has also made a claim for unseaworthiness. This claim is governed by a different standard than his claim of negligence under the Jones Act, and must be considered separately even though it arises from the same incident.

REQUEST NO. 10

Lima & Cura is not obligated to furnish an accident-free ship. While the duty with respect to seaworthiness is absolute, it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use. Lima & Cura is not an insurer of the safety of its seaman.

Phipps v. N.V. Nederlandsche Amerikaanschest Stoomvort Maats, 259 F.2d 143 (9th C. 1958).

Mitchell v. Trawler Racer, Inc., 362 U.S. 539 (S.Ct. 1960).