REQUEST NO. 11

Although Lima & Cura was required to furnish a vessel reasonably safe and fit for its intended purpose, it was not obligated to furnish the best, most modern and most convenient appliances or machinery. The standard of the ship's seaworthiness in hull, structure, machinery, appliances, furnishings, equipment, appurtenances, tackle and gear is not that of perfection. The best possible equipment is not required, so long as the equipment is suitable for the use for which it was intended.

Romero v. International Terminal Operating Co., 358 U.S. 354 (S.Ct. 1959).

Manhat v. United States, 220 F.2d 143 (2nd C. 1955).

Little v. Green, 482 F.2d 1061 (5th C. 1970).

REQUEST NO. 12

If you find that the plaintiff was injured, but that the F/V MY WAY was reasonably safe and fit for its intended purpose at the time of the accident, then you must enter a finding for Lima & Cura on the plaintiff's unseaworthiness claim.

REQUEST NO. 13

The mere fact that an injury occurs does not establish that a vessel is unseaworthy.

Mosley v. Cia Marit. Adra. S.A., 314 F.2d 223 (2nd C. 1963).

REQUEST NO. 14

In order to be entitled to recovery for damages for unseaworthiness, the plaintiff must establish that he was a seaman, that he was a member of the crew of the F/V MY WAY, that Lima & Cura was the owner of the F/V MY WAY at the time of the plaintiff's injury, that the F/V MY WAY was unseaworthy, and that the unseaworthy condition of the vessel was the proximate cause of his injury.

Goodrich v. Cargo Ships & Tankers, Inc., 241 F.Supp. 332.

REQUST NO. 15

In determining causation, different rules also apply to the unseaworthiness claim than to the Jones Act claim. In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was it proximate cause. This means that the plaintiff must show by a preponderance of the evidence that the alleged unseaworthiness played a substantial part in bringing about or actually causing his injury.

>Phillips v. Western Co. of North America, 953 F.2d 923 (5th C. 1992).

>Johnson v. Offshore Express, Inc., 845 F.2d 1347 (5th C. 1988).

>Brown v. OMI Corp., 863 F.Supp. 169 (S.D. N.Y. 1994).

>Joyce v. Atlantic Richfield Co., 651 F.2d 676 (10th C. 1981).

REQUEST NO. 16

I instruct you that an isolated act of negligence of a fellow worker which directly causes an injury is not unseaworthiness.

Usner v. Luckenbach Overseas Corp., 400 U.S. 494 (1971).

REQUEST NO. 17

The law requires a man in the position of the plaintiff to exercise reasonable care for his own safety. "Contributory negligence on the part of a person injured through the negligence of another is want of due care in respect to the event causing the injury, and is in itself conduct having a share in bringing on the harm. Failure to exercise due care respecting the cause of his injury . . . by the person injured is contributory negligence."

Duggan v. Bay State Street Railway Co., 320 Mass. 370, 377.

REQUEST NO. 18

Due care requires that precautions be taken against those risks which could be foreseeable to an ordinarily prudent person in similar circumstances.

Geary v. H.P. Hood & Sons, Inc., 336 Mass. 369.

Marengo v. Roy, 318 Mass. 790.

REQUEST NO. 19

    Contributory negligence may be established by a person's own conduct showing carelessness contributing to his injury notwithstanding testimony as to care used by him.

    Heindenreich v. Dumas, 88 N.H. 453.

REQUEST NO. 20

If you find that the plaintiff was not in the exercise of due care at the time of his injury, then the plaintiff was contributorily negligent.

REQUEST NO. 21

The payment of maintenance & cure is a unique obligation that vessel owners owe to a seaman who becomes ill or injured while in the service of the vessel. If the seaman becomes ill or injured while in the service of the vessel, the owner has a duty to pay for the seaman's food and lodging – maintenance - as well as any necessary medical expenses – cure – during the seaman's recovery. This duty is not based on any fault on the part of the vessel owner but is a condition of the seaman's employment.

Williams v. Miles, 290 F.Supp. 2d 117 (D. Me. 2004).

REQUEST NO. 22

Maintenance, however, does not include a seaman's food if the seaman did not receive food while aboard the vessel because under maintenance law, a seaman is only entitled to receive those benefits comparable to those received aboard the vessel. This applies to his lodging as well. That is, he is entitled to the equivalent of the quality of the berth received aboard the vessel.

McWilliams v. Texaco, Inc., 781 F.2d 514 (5th C. 1986).

DiBenedetto v. Williams, 880 F.Supp. 80 (D. R.I. 1995).

Thomas J. Schoenbaum, Admiralty and Maritime Law, Volume 1, §6-21 at p. 358 (2d Edition 1994).

REQUEST NO. 23

There is no claim for cure in this case inasmuch as Lima & Cura has paid for all medical care received by Mr. Aguiar. Thus, you need not consider whether or not the plaintiff has any medical bills.