REQUEST NO. 24

The plaintiff also has received maintenance at the rate of $15.00 a day. The plaintiff contests the amount of maintenance and believes it should be higher based upon Mr. Aguiar's actual and reasonable expenses.

REQUEST NO. 25

The plaintiff is entitled to receive maintenance until the point where he reaches maximum medical cure, which is defined as that point when improvement in the seaman's condition is no longer possible. In other words, the seaman is either cured, or if there is a permanent impairment, it is the point when he reaches maximum medical recovery.

Farrell v. U.S., 336 U.S. 511 (Sup. Ct. 1949).

REQUEST NO. 26

The standard to apply to a determination of maximum medical recovery is when it appears probable that further treatment will result in no betterment of the seaman's condition.

Delotto v. L & N Towing, 604 F.2d 396 (5th C. 1979).

REQUEST NO. 27

The rate at which maintenance is to be paid ordinarily reflects the cost of food and lodging in a particular area, comparable to that received onboard the vessel.

Castro v. M/V AMBASSADOR, 657 F.Supp. 886 (E.D. LA. 1987).

Johnson v. United States, 333 U.S. 46 (S. Ct. 1948).

Maric v. Reinauer Transportation Cos., 397 F.3d 120 (2nd C. 2005).

REQUEST NO. 28

Maintenance does not include expenses attributable to a seaman's family. Specifically, a seaman is entitled to recover only for those expenses related to his own sustenance and shelter and is not entitled to recovery for the support of other people.

Macedo v. F/V PAUL & MICHELLE, 868 F.2d 519 (1st C. 1989).

REQUEST NO. 29

Accordingly, you may allocate Mr. Aguiar's housing expenses based upon an equal share by each family member and award him only for his percentage or his share of his household's expense.

Barnes v. Andover Co., L.P., 900 F.2d 630 (3rd C. 1990).

Gillikin v. United States, 774 F.Supp. 270 (E.D. N.Y. 1991).

REQUEST NO. 30

If the seaman is not provided food or lodging onboard a vessel or is charged for food as is the custom on many fishing vessels, he is not entitled to an award of maintenance for that food.

Alexanderich v. Gallagher Bros. Sand & Gravel Corp., 298 F.2d 918 (2nd C. 1961).

REQUEST NO. 31

    The amount of maintenance to be paid is a question for you to determine from the evidence presented. In making your calculation, you should take the evidence of weekly expenses and multiple it by 52 and divide by 365 in order to arrive at a daily rate. You also, as previously instructed, should make the calculation of the weekly amount of maintenance only taking into account the seaman's personal expenses.

    Macedo v. F/V PAUL & MICHELLE, 868 F.2d 519 (1st C. 1989).

REQUEST NO. 32

    The fact that I am instructing you as to the rules of law which are to govern you in your consideration of the question of damages is not be understood as an opinion by me as to whether damages should or should not be allowed. You will reach this issue only if you find that Lima & Cura was negligent or that the F/V MY WAY was unseaworthy, and that any such condition was the proximate cause of injuries to Mr. Aguiar.

REQUEST NO. 33

If you find that the plaintiff is entitled to recovery as a result of the defendant's negligence and/or unseaworthiness, in determining the amount of damages to award him, you must remember that the plaintiff's claims for negligence and unseaworthiness are but alternative grounds of recovery for a single cause of action, and you may award him only those damages which adequately indemnify him for his injuries.

McAllister v. Magnolia Petroleum Co., 357 U.S. 221.

REQUEST NO. 34

The purpose of the law in awarding damages is to compensate an injured person for losses incurred because of another's negligent conduct. The object is to restore the injured person to the position he would have been in had the wrong not occurred. The purpose is not to reward the plaintiff or punish the defendant. The law does not punish anyone because of an accident, nor does the law compensate where no wrong has occurred, no matter how severe a plaintiff's injuries.

REQUEST NO. 35

There is no special formula for assessing damages. It is your obligation to determine what is fair, adequate and just. You must be guided by your common sense and your conscience in translating into dollars and cents that amount which will fairly and reasonably compensate the plaintiff for his injuries.

REQUEST NO. 32

In arriving at the moment which will compensate the plaintiff for his loss, you may consider four elements:

(1)   His necessary expenses directly flowing from his injury;

(2)   His loss of the capacity to earn from the time of his injury through today which results solely from the injury;

(3)   His discomfort, pain or inconvenience resulting from his injury during the same period; and

(4)   His expenses, loss of the capacity to earn, and discomfort, pain or inconvenience which it is reasonably certain he will sustain in the future.

No allowance is to be made for future damages unless you find from the evidence that it is reasonably certain that the plaintiff will sustain such future damage; and then allowance should be made only for such a period of time as it appears to be reasonably certain that any such condition or damage will continue to exist.

REQUEST NO. 37

A plaintiff has a general duty to use reasonable and proper efforts to make his damages as small as practicable and to adopt reasonable methods to restore himself. If you find that the plaintiff's damages are greater than they need to have been because the plaintiff failed to use reasonable efforts to restore himself to his pre-accident condition, his recovery of damages must be reduced to the extent that his own actions caused his damages to be greater than they otherwise need to have been.

Muller v. Lykes Bros. Steamship Co., 337 F. Supp. 700.

Yarrow v. United States, 309 F.Supp. 922.

REQUEST NO. 38

The plaintiff has claimed that some of the injuries received by him as a result of the accident are permanent. I instruct you that the burden of proof is upon the plaintiff to prove each and every element of his case and that before you can award him any sum of money for alleged permanent injuries, in addition to being satisfied that the accident was caused by the defendant's negligence and/or an unseaworthy condition aboard the defendant's vessel, you must find by a preponderance of the evidence that the plaintiff's injuries are indeed permanent; it is not sufficient that the permanent injuries are merely possible.

REQUEST NO. 39

Should you find that the plaintiff is entitled to recovery, any award entered in his favor will not be subject to state or federal income taxes. Similarly, you should not consider interest in fixing the amount of any award.

Norfolk & Western Railway Co. v. Liepelt, 100 S.Ct. 757.

REQUEST NO. 40

Remember also that any award for future damages like diminished earnings must be reduced to its present dollar value, as a dollar awarded today to be spent at some point in the future will earn interest during the interval.

For the Defendant,
By its Attorneys,

**REGAN & KIELY LLP**


_____/s/ Joseph A. Regan_____
Joseph A. Regan, Esquire (BBO #543504)
88 Black Falcon Avenue, Suite 330
Boston, MA  02210
(617)723-0901