UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

CARLOS A. AGUIAR,    )
       Plaintiff    )
                 )
     v.         )
                 )
LIMA & CURA FISHING    )
CORPORATION,    )
       Defendant    )

## DEFENDANT'S COMPLIANCE WITH COURT ORDER OF OCTOBER 4, 2006

**A.**    **Trial Exhibits**

The defendant has previously filed written objections to certain of the plaintiff's exhibits but defendant is unable to provide a copy for the court of Exhibits N, O or R since it has never been provided with a copy of the same by the plaintiff.

With respect to Exhibit X, these transcripts have not been produced inasmuch as they were taken in anticipation of litigation. The defendant does reserve any objection it may have if said matter becomes discoverable or if they are offered by the plaintiff inasmuch as they would be hearsay.

With respect to Exhibit Y, enclosed see a copy of the transcript of the recorded interview of the plaintiff.

**B.**    **Objections to Jury Instructions**

The defendant objects to the following requests of jury instructions requested by

the plaintiff.  The defendant sets forth the grounds for each objection separately.

1.      The defendant would object to any instruction with respect to the fourth count which ought to be dismissed.  The defendant will file a Motion for Judgment as a Matter of Law at the appropriate time.  The real dispute between the parties is not the payment of maintenance but the rate at which it was paid.

3.      See the Defendant's Request for Instructions number 6 which is a more accurate statement of the shipowner's obligation and is a case that has been decided much more recently (1997) than the cited case.

4.      See the Defendant's Request for Instructions number 8 which reflects the accurate state of the law that the defendant's negligence, if any, must be a "producing or contributing cause."

5.+7.   Please see the Defendant's Request for Instructions numbers 5 and 6, as well as requested instructions on seaworthiness, which correctly state the law in this case.  The requested instruction seems to import elements of unseaworthiness into a definition of negligence.

8.      The defendant believes that its Request for Instructions number 4 conveys the same information without unduly emphasizing that the defendant is a corporation.

9.      The defendant particularly objects to the phraseology "slightest negligence."  The issue of contribution, however slight, relates to the issue of proximate cause.  In order to prove negligence the plaintiff must first prove a deviation from the standard of ordinary care as outlined by the Gautreaux case cited in the Defendant's Request for Instructions number 6.

10.     At a minimum, the defendant objects to that part of the instruction that

specifically advises a jury that the burden is featherweight.

11.     The defendant believes that its requested instruction on unseaworthiness, in particular the Defendant's Request for Instructions number 15, defining the proximate cause standard as playing a "… substantial part in bringing about or actually causing the injury" is a better statement of the law.

12.     The Defendant's Request for Instructions numbers 5 and 11 are more standard definitions of unseaworthiness that include the specific language "reasonably fit for its intended purposes."

13-16. Please see the Defendant's Request for Instructions numbers 5 and 11. The defendant has addressed this in its trial brief.  While the proposition stated here has been stated in other cases cited by the court such as Gibbs, the defendant contends that the instruction is not called for in this case because there will be no evidence of a malfunction or failure of the equipment.  According to the testimony of the plaintiff, it could only have happened by human operation of the winch.  See also the Defendant's Request for Instructions number 16, which cites the proposition that an isolated act of negligence is not unseaworthiness.

20-21. The defendant believes its instructions on proximate cause are a more accurate statement of the law.  There does not seem to be any evidence that two or more persons contributed to this injury, unless the plaintiff is referring to the possibility of negligence on behalf of Mr. Lima and contributory negligence on behalf of Mr. Aguiar, which is adequately covered by the instructions on negligence and contributory negligence.

25-27. The defendant contends that this instruction has no particular applicability

-4-

to these facts.  This is not a case of the seaman being ordered to do a particular job other than the general fact that it was part of his duties.

28-30 and 33.  The defendant contends that it's Request for Instructions number 32 and following on damages better states the law.

38.     The defendant objects to the second sentence about medically declared to have reached an end result.  It is a medical decision but to state it has to medically declare overstates what may be required.  The plaintiff has reached a point of maximum medical cure when there is no expectation of any further improvement in his condition.  Please see the Defendant's Request for Instructions number 26.

39.     The defendant objects to that portion of the instruction regarding food and refers the court to its Request for Instructions number 30.  The plaintiff is only entitled to food if it is a benefit provided onboard the vessel.

41.     The defendant objects on the fact that it provided maintenance and the only issue is the rate of maintenance not entitlement.

42.     The defendant objects to the last sentence.  Reaching the point of maximum medical improvement is a medical determination.  There are no magic words.  Rather, as stated in the Defendant's Request for Instructions number 26 it is at the point where no further improvement is expected, which can be established factually.

43.     The defendant objects on the grounds that the issue is merely the rate of maintenance and not entitlement or whether the defendant has failed to pay.

44.     The defendant objects on the grounds that the issue is merely the rate of maintenance and not entitlement or whether the defendant has failed to pay.

-5-

**C.      Settlement Discussions**

Despite the best efforts of the parties, the case has not settled.  The defendant has

even made an Offer of Judgment in an effort to make its best possible effort to settle this

case.

<div style="margin-left: 50%;">

For the Defendant,
By its attorneys,

**REGAN & KIELY LLP**


        /s/  Joseph A. Regan
Joseph A. Regan, Esquire (BBO #543504)
88 Black Falcon Avenue, Suite 330
Boston, MA  02210
(617)723-0901

</div>