UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**CARLOS AGUIAR**                    )
    **Plaintiff**                           )
                                                    )   Civil Action No.  04-12011-MLW
**Vs.**                                           )
                                                    )
**LIMA AND CURA FISHING**   )
**CORPORATION.**                   )
    **Defendant**                       )
_____)


**OBJECTIONS TO DEFENDANT'S INSTRUCTIONS**

Now comes the Plaintiff in the above-entitled matter and by and through his attorney submits Plaintiff's objections to Defendant's

**Request No. 6**

Plaintiff objects to ordinary prudence.

**Request No.8**

Plaintiff objects to Defendant's omitting that negligence must be a legal cause of injury, if it plays any part, no matter how small, in, in bringing about or causing the injury.   Plaintiff objects to the words producing since it gives the impressing that there can only be one cause of negligence. Please see Plaintiff's instruction on negligence.

**Request No. 11**

Plaintiff objects to the use of the word safe in describing unseaworthiness.  Plaintiff objects to phrase that equipment has to be "suitable for the use for which it was intended."

**Request No. 12**

Plaintiff objects to the use of safe.

**Request No. 14**

Plaintiff objects "the proximate cause" It should be a legal cause.

**Request No. 16**

Not true if the negligent act of the employee created an unseaworthy condition.

**Request No. 17, 18, 19, 20**

See Plaintiff's contributory negligence instruction which correctly state the law. Defendant must prove that the negligence was a legal cause of injury.

**Request No. 22**

See Plaintiff's instruction to regarding maintenance.  Plaintiff is entitled to receive maintenance in the amount of actual costs at home.

**Request No. 26**

Not an issue of  "no betterment." Rather it is whether the condition is permanent and incapable of being improved.  See Plaintiff's instructions.

**Request 37**

Plaintiff objects to language "use reasonable efforts to restore himself to pre-accident condition."  See Plaintiff instructions on damages.

**Request No. 38**

Plaintiff objects to Defendant statement that accident being caused by Defendant's negligence and unseaworthiness.  Not correct standard.

**Request No. 39**

Plaintiff object to that should not consider interest in determining the award.  Plaintiff is entitled to pre-judgment interest.

        Respectfully Submitted on
        behalf of the Plaintiff Carlos Aguiar,
        by his attorney,

        /s/ David F. Anderson, Esq.
        David F. Anderson
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

        /s/ David F. Anderson, Esq.
        David F. Anderson, Esq.
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        617-523-1000

Dated: October 6, 2006