UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| LIMA & CURA FISHING | ) |
| CORPORATION, | ) |
| Defendant | ) |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO THE PLAINTIFF'S MOTION TO EXCLUDE
THE EXPERT TESTIMONY OF DAVID C. DUBOIS**

**A.   Prior Testimony**

Attached as Exhibits 1 and 2 are two cases in which this very same issue has arisen. In both cases, the plaintiff was represented by Mr. Anderson and in both cases Mr. Anderson filed the identical motion to the instant motion, launching what amounted an ad hominem attack on Mr. DuBois. In the Hopkins case, Judge Carter of the District Court of Maine allowed Mr. DuBois to testify and in Matos Judge Gertner of the United States District Court in Boston likewise allowed Mr. DuBois to testify. He has never been excluded from testifying on the basis of his qualifications in any maritime case involving personal injury to a commercial fisherman.

The following comment in Matos is particularly instructive: "In no way did the district court abuse its discretion in permitting this expert to testify."

**B.**     **Daubert Criteria**

Additionally, the Reporter's Notes to Federal Rule of Evidence 702 give a wealth of support for the proposition that this court should allow Mr. DuBois to testify because his testimony is based upon sufficient facts and data, is the product of reliable principles and methods which have been applied to this case and because of his general expertise. Counsel does not wish to be pedantic. It is presumed that this court is well familiar with the Reporter's Notes and case law which has developed augmenting the actual language of Federal Rule of Evidence 7.02. Nonetheless, a couple of key points are worth pointing out.

First of all, the rule recognized is that an expert can give a dissertation of principles relevant to the case leaving the trier of fact to apply them to the case. This is so in the instant case inasmuch as part of Mr. DuBois' testimony will talk about the pendulum effect created by the gallus frame and the hanging door, as well as the principles of pitch, roll and yaw, their effect on a vessel's motion, as well as the perception created for somebody on deck. See, e.g., Exhibit 3 at p. 89 (relative movement in a seaway), pp. 91-92 (fixed objects relative to a pivot point), and pp. 106-110 (movement of suspended loads).

Also the expert is allowed to take the further step of suggesting the inference which can be drawn from the application of this sort of specialized knowledge to the facts such as that the cause of Mr. Aguiar's injury was the movement of the door caused by the roll of the vessel. The untrained jurors need the specialized understanding of these subjects in order to fairly decide the issues presented by this case.

Perhaps most importantly, expert opinions, when they are excluded, are excluded

because they are not helpful and are therefore superfluous and a waste of time. That clearly is not the case here and has not been the case in any trial when the identical motion has been filed by Mr. Anderson. Indeed, if plaintiff's counsel's argument is accepted, only a commercial fisherman, most of whom are largely illiterate, would qualify to testify concerning safety aboard a commercial fishing vessel and the operation of machinery thereon.

The notes go on to talk about the exclusion of the type of litigation expert only, i.e., witnesses who have developed what might be called a cottage industry in which they use the courtroom as their ". . . principle theatre of operations. . ." or develop that expertise principally just to testify, which is not the case here. As Mr. DuBois' resume amply demonstrates, Mr. DuBois does this as a living day in and day out for over 25 years.

Rule 702 and the Daubert case are not an excuse to challenge every expert and the preferred method is to allow the expert to testify and expose the expert to vigorous cross examination and careful instruction on the burden of proof. Indeed, it is the defendant who has suggested in this case that an instruction be given that the jury is to be the judge of the credibility of any particular expert. Mr. DuBois is not relying on anything but admissible evidence and is his understanding of engineering principles and safety principles.

When the actual Daubert analysis is conducted, it is obvious that there are several criteria which this court will apply, which we believe Mr. DuBois has already met but will certainly meet following the voir dire proposed for Tuesday morning. Again, not wishing to state the obvious, counsel will not outline those criteria here but will indicate

that any opinion must be based upon the facts, a reasonable investigation, traditional and mechanical expertise and a link between the information and the procedures he uses, all of which Mr. DuBois has testified to.

Additionally, the rule does not alter the traditional practice of using expert testimony to educate the factfinder in general principles after examining expert's qualifications, a determination of the subject matter requires assistance, a determination that the information is reliable and, last, but not least, that the opinion fits the facts of the case.  Enclosed as Exhibit 3 is a copy of Mr. DuBois' deposition testimony in which he outlines his opinions, the facts upon which he relies, how he brought his experience to bear upon the issue, and the particular principles and methodology he relied upon to formulate that opinion.

C.    **Factual Support**

Lastly, enclosed as Exhibit 4 is yet another excerpt from the deposition of Mr. Lima in which he was specifically asked what he saw and he testified that  "I saw that he put the chain through, meanwhile *the boat went to one side*" (italics added).  He also comments that the net was heavier because of the mud and that Mr. Aguiar did not pull his hand out quick enough and the pistol opened and caught him.  This bit of testimony should put an end to the plaintiff's counsel's argument that there is no evidence in this case that the boat rolled at the time of the plaintiff's injury, one of the cardinal foundation assertions made by Mr. Anderson in bringing the instant motion.

**CONCLUSION**

For all of the above reasons, counsel for the defendant feels that a voir dire on Mr. DuBois' qualifications is not even called for, but, assuming that it goes forward, his voir

dire plus all of the information submitted in support of the defendant's opposition clearly

indicates that Mr. DuBois should be allowed to testify.

                                                For the Defendant,
                                                By its attorneys,

                                                **REGAN & KIELY LLP**


                                                    /s/ Joseph A. Regan
                                                Joseph A. Regan, Esquire (BBO #543504)
                                                88 Black Falcon Avenue, Suite 330
                                                Boston, MA  02210
                                                (617)723-0901