## Page 1

```
                    Volume: I
                    Pages: 66
                    Exhibits: 11
        UNITED STATES DISTRICT COURT
        DISTRICT OF MASSACHUSETTS


CARLOS A. AGUIAR
        Plaintiff
                            Docket No.
        vs.                 04-12011-MLW
LIMA & CURA FISHING CORPORATION,
        Defendant




        INTERPRETED DEPOSITION of JOSE LIMA, a
witness called by and on behalf of the Plaintiff, taken
pursuant to the Federal Rules of Civil Procedure,
interpreted by Maria Margaret Furtado before Cynthia F.
Stutz, Certified Shorthand Reporter and Notary Public
in and for the Commonwealth of Massachusetts, at the
offices of Latti & Anderson, 46 Union Street, New
Bedford, Massachusetts, on Wednesday, November 9, 2005,
commencing at 11:04 a.m.
```

## Page 2

```
APPEARANCES:

  DAVID J. BERG, ESQ.
  Latti & Anderson, LLP
  30-31 Union Wharf
  Boston, Massachusetts 02109
    on behalf of the Plaintiff

  JOSEPH A. REGAN, ESQ.
  Regan & Kiely, LLP
  85 Devonshire Street
  Boston, Massachusetts 02109
    on behalf of the Defendant
```

## Page 3

```
                    I N D E X

WITNESS:        DIRECT  CROSS  REDIRECT  RECROSS

Jose Lima         4


EXHIBITS:       DESCRIPTION            PAGE

  1   Photograph                        4
  2   Photograph                        4
  3   Photograph                        4
  4   Photograph                        4
  5   Photograph                        4
  6   Photograph                        4
  7   Photograph                        4
  8   Photograph                        4
  9   Photograph                        4
 10   Photograph                        4
 11   Photograph                        4






        *ALL EXHIBITS RETAINED BY ATTORNEY BERG *
```

## Page 4

```
                    PROCEEDINGS
            IT IS HEREBY STIPULATED AND AGREED BY
AND BETWEEN COUNSEL that the reading and signing of the
deposition by the deponent shall be done within thirty
days; that the notarization of the signature and the
filing of the deposition be waived; and that all
objections, except as to form, and motions to strike be
reserved for the time of trial.
            (Exhibit Nos. 1 - 11 marked
            for identification.)
              *   *   *   *
Whereupon:
        JOSE LIMA,
having been satisfactorily identified and duly sworn by
the Notary Public, was examined and testified as
follows:
  *0*         DIRECT EXAMINATION
  BY MR. BERG:
  Q.  Could you state your name, please?
  A.  Jose Lima.
  Q.  Your address?
  A.  95 Bonney Street.
  Q.  What town?
  A.  New Bedford.
```

Page 41

1  Q. What did you see when Carlos got hurt?
2  A. What did I see?
3  Q. Yeah.
4  A. I saw that he put the chain through, meanwhile
5  the boat went to one side. I think the net, the
6  fishing net was a little heavier because of the mud and
7  all that and he didn't pull his hand out quick enough
8  and the pistol opened up and caught him on his finger.
9       MR. BERG: Could you just read that
10  back, please?
11       (Answer read back by the reporter.)
12  Q. Okay. So before he got hurt, you had pulled
13  the door up to the position shown in the top right of
14  Exhibit 4?
15  A. Not the top one. Not the top there.
16  Q. I mean you had put the door into the position?
17  A. Yes.
18  Q. Let me rephrase that. Before Carlos got hurt
19  you had pulled the door into the position shown in the
20  top right picture of Exhibit 4?
21  A. Yes.
22  Q. Carlos then went to hook up the chain into the
23  pistol?
24  A. Yes, he did this job here.

Page 42

1       MR. REGAN: For the record, he's pointed
2  to the right-hand photo in Exhibit 3 when he said this
3  is the job.
4  Q. And did you see him put the chain over the
5  hook of the pistol?
6  A. Yes, I saw him putting it in and then when he
7  was pulling the pistol, that's when it happened,
8  because it pulled and that thing came back and cut him
9  on his hand.
10  Q. So you saw him -- Let's just do it slowly,
11  because of the translator. You saw him put the chain
12  over the hook of the pistol?
13  A. It's the other way. You put the hook onto the
14  chain.
15  Q. Okay. You put the hook into the chain.
16       THE WITNESS: Yeah.
17  Q. So the hook is open?
18  A. Yes, it was open.
19  Q. And Carlos put the hook into the chain?
20  A. Yes.
21  Q. And then he closed the hook?
22  A. And when he went to close it, that's when the
23  door -- the chain got straightened out and he didn't
24  have time enough to take the hand out and that piece

Page 43

1  came down. It came down and hit him on his finger.
2  Q. He had the hook -- Before he got hurt he had
3  the hook closed, is that right?
4  A. No, it's always opened. If you not working
5  with it, then it's opened. If the doors are in the
6  water they're open.
7  Q. But after he put the hook through the chain,
8  did he close the hook?
9  A. When he was going to close it, that's when it
10  happened.
11  Q. I see. Did you ever see if he started pulling
12  the ring down to lock the hook?
13  A. Yes, he had both hands, he was working with
14  both hands. He was pulling it down, that's when it
15  happened.
16  Q. He was holding the hook closed with one hand
17  and pulling the ring down with the other?
18  A. Exactly.
19  Q. Which hand was he holding the hook closed
20  with?
21  A. I think the left one.
22  Q. And he was pulling the ring down with his
23  right hand?
24  A. In my opinion -- It might have been the right

Page 44

1  hand. The hand that he had the accident with was the
2  one that was holding the --
3  Q. Hook?
4  A. The hook closed. I think it might be the
5  right one.
6  Q. And he never got the ring over the hook, is
7  that right?
8  A. If he did, he wouldn't have had the accident.
9  Q. Okay. So he never got the ring over the hook
10  and then the hook opened up?
11  A. Yes.
12  Q. And he got his finger caught?
13  A. Exactly.
14  Q. How close did he get the ring to the hook
15  before the hook opened up?
16  A. That I couldn't tell you. It had to be a
17  distance lower than this showing here, because it never
18  closed, so if it came farther down, it would have held
19  it together.
20  Q. And you said the chain got straightened out?
21  A. It had to be, because the thing opened and it
22  opened when the chain got straightened out.
23  Q. And this is the chain going to the door?
24  A. Exactly.

11 (Pages 41 to 44)

Hennessey Corp d/b/a Robert H. Lange Co.
617-523-1874