UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12011-MLW

| | |
|---|---|
| CARLOS A. AGUIAR, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| LIMA & CURA FISHING | ) |
| CORPORATION, | ) |
| Defendant | ) |

**DEFENDANT'S OBJECTIONS TO THE TESTIMONY
OF DR. JENNIFER LEE**

The defendant made certain objections to the testimony of Dr. Lee when that was videotaped and now requests that the court exclude the testimony on the basis of the objections and for the reasons stated therein. A copy of pertinent portions of the deposition transcript are attached as Exhibit 1.

First of all, the colloquy by Mr. Anderson with regard to objectionable questions on page 14-3 through 14-7 should be deleted as irrelevant and inappropriate for the jury to hear.

The defendant objects to the question and answer contained in page 14-9 through 14-19 on the basis that it is in response to a leading question. The same objection applies to the question and answer contained on page 14-20 through page 14-23 and page 14-24 through page 15-5.

The defendant objects and moves to strike the question and answer beginning at page 16-16 through page 16-20 because it is a comment made without personal knowledge. Dr. Lee is commenting upon complaints that Mr. Aguiar made when seeing

a Dr. Freedman.

Defendant's next objection concerns the testimony on page 17-23 through page 18-22 on the basis that it assumes facts not in evidence, as well as Dr. Lee's qualifications to render that opinion since she hasn't seen the patient since September of 2005 and the vagueness of the term "indefinitely" could mean that the symptoms complained of have already resided.

Defendant objects to the questions from page 19-2 through page 20-12 on the basis of a lack of foundation. Dr. Lee has testified that her only familiarity with work as a commercial fisherman is from what she has seen on television. The questions also assume facts not in evidence and Dr. Lee bases part of her answers solely on something she read in literature on a Ray amputation. The defendant also requests that the questions on page 25-16 through page 26-2 be excluded since the question was withdrawn and that since the defendant withdraws any other objections which were made during the course of the deposition requests that the deposition tape be edited accordingly to edit out the now withdrawn objections.

> For the Defendant,
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
>   /s/  Joseph A. Regan
> Joseph A. Regan, Esquire (BBO #543504)
> 88 Black Falcon Avenue, Suite 330
> Boston, MA  02210
> (617)723-0901